THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. JERRY L. THOMPSON, Defendant-Appellant.

Third District   No. 3—09—0019

Opinion filed October 5, 2010.—Rehearing denied October 20, 2010.

Gary R. Peterson and Judith L. Libby, both of State Appellate Defender's Office, of Springfield, for appellant.

Kevin W. Lyons, State's Attorney, of Peoria (Terry A. Mertel and Justin A. Nicolosi, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE CARTER delivered the opinion of the court:

After a stipulated bench trial, defendant, Jerry L. Thompson, was found guilty of armed robbery (720 ILCS 5/18—2(a)(3) (West 2008)) and was sentenced to 26 years' imprisonment. Defendant appeals, arguing that his stipulated bench trial was tantamount to a guilty plea and that this case should be remanded for compliance with the supreme court rules pertaining to guilty pleas. We affirm the trial court's judgment.

## FACTS

In January of 2008, defendant was indicted on four counts of armed robbery (720 ILCS 5/18—2(a)(2), (a)(3) (West 2008)) for alleged offenses committed on December 25, 2007, involving three different victims. Of relevance to this appeal, count I of the indictment alleged that defendant committed the offense of armed robbery in that while armed with a dangerous weapon, a handgun, the defendant took United States currency from Motasen Abudayya by threatening the imminent use of force, and that during the commission of the offense, defendant personally discharged the handgun. Because it was alleged that defendant had discharged a handgun in the commission of an armed robbery, any sentence that defendant would receive on count I was subject to a 20-year sentencing enhancement. See 720 ILCS 5/18—2(b) (West 2008).

In October of 2008, defendant executed a written waiver of trial by jury and plea of not guilty. The parties informed the trial court that pursuant to a partially negotiated plea agreement, defendant was going to plead guilty to count I of the indictment and that the State was going to nol-pros the remaining counts and agree to a sentencing cap of 28 years' imprisonment as to count I. The trial court asked the attorneys to approach for a sidebar conference, which was held off the record. After the sidebar conference, the trial court announced that the parties had decided to proceed by way of stipulated bench trial as to count I so that defense counsel could later challenge the constitutionality of the 20-year sentencing enhancement. The remaining terms of the partial plea agreement remained intact.

The trial court thoroughly admonished defendant pursuant to Supreme Court Rules 402(a) through (c) (177 Ill. 2d Rs. 402(a) through (c)) regarding such matters as: (1) the nature of the offense; (2) the minimum and maximum penalties that applied, both with and without the sentencing enhancement; (3) whether defendant had a sufficient opportunity to discuss the proceedings with his attorney; (4) whether defendant was satisfied with the services of his attorney; and (5) the definition and differences between a jury trial, a normal bench trial, and a stipulated bench trial. The defendant indicated that he understood those admonishments.

With regard to the latter admonishment, the trial court informed defendant as follows:

"THE COURT: You do not have to proceed to a stipulated bench trial, you have the right to have a regular trial, either a jury trial or a bench trial, that would be your choice. A jury trial is where 12 citizens are chosen by you, with the help of your lawyer and state's attorney. The jury, when chosen, would listen to the evidence and decide your guilt or innocence by a unanimous verdict. Of course, at a bench trial, just the judge alone makes the decision.

At either type of trial, you would have the following rights: To be present and be represented by your lawyer, to face, confront and cross-examine the witnesses, and if you had witnesses, have them subpoenaed and brought to court without cost. You would have the right to present evidence at your trial, including your right to testify.

However, when you proceed to stipulated bench trial, you're waiving and giving up your right to have that other trial and all the rights that you would have during the trial. Essentially, you would no longer be presumed innocent, and the State will not have to prove your guilt beyond a reasonable doubt by way of a formal trial because you are proceeding to stipulated bench trial where the State will merely summarize the evidence.

Do you feel that you understand your legal rights and the fact that you're giving them up substantially by proceeding to a stipulated bench trial?

THE DEFENDANT: Yes.

THE COURT: Any questions you need to ask your lawyer about this, or myself?

THE DEFENDANT: No."

After admonishing defendant, the trial court asked the prosecutor to provide a factual basis for the offense. During the factual basis, the prosecutor represented to the trial court in detail to what the victim and the police officer witnesses would testify. That factual recitation established essentially that defendant committed the armed robbery

in question, that he had a handgun with him during the commission of that offense, and that at one point during the armed robbery, defendant became impatient with the victim and fired a shot into the wall.

After the prosecutor finished his recitation of the facts, the trial court continued its admonishments as follows:

"THE COURT: And [defense counsel], if the case proceeded to trial, could the State present such evidence?

DEFENSE COUNSEL: Yes, they could.

THE COURT: All right, factual basis is found. [Defendant], is anyone forcing you, threatening you or coercing you to get you to come to court to proceed to a stipulated bench trial?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you making this decision then of your own free will?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has anyone made any promises to you to get you to do this other than the partial plea agreement that we already talked about that the maximum that you could get would be up to 28 years, and we've already discussed that the minimum under the statute is 26 years, any other promises other than that?

THE DEFENDANT: No, Your Honor.

THE COURT: And do you still wish to then proceed in this case as stated to a stipulated bench trial?

THE DEFENDANT: Yes, sir.

THE COURT: This is what you wish to do?

THE DEFENDANT: Yes, Your Honor.

THE COURT: All right, the record should reflect defendant has been duly advised of his rights and knowingly and voluntarily waives same, there is a factual basis, stipulated bench trial is noted, it's received and entered of record. Defendant is found guilty and convicted of the offense of armed robbery, a Class X felony, as charged in the Count 1 of the indictment.

Pursuant to the partial plea agreement, Counts 2, 3, and 4 are dismissed as to this defendant."

Defense counsel did not file a posttrial motion prior to the sentencing hearing, which was held in December of 2008. At the outset of the sentencing hearing, the trial court stated that the case had come to sentencing following a plea of guilty and partial plea agreement. Shortly thereafter, the trial court corrected itself and stated that there was a finding of guilty pursuant to a stipulated bench trial. During the sentencing hearing, defense counsel argued that the 20-year sentencing enhancement was "inappropriate" in that it did not give the trial court any latitude in determining the sentence to be imposed. Defense

counsel noted that during the commission of the crime, defendant merely discharged the gun into a wall to prove to the victim that the gun was not a fake gun. The trial court ultimately rejected defense counsel's argument as to the sentencing enhancement and sentenced defendant to 26 years' imprisonment, imposing the minimum sentence that was allowable under the law. In announcing its ruling, the trial court again referred to the proceedings in this case as a plea of guilty.

After pronouncing the sentence, the trial court admonished defendant as follows:

> "So, [defendant], you do have rights of appeal in this case. You proceeded to a stipulated bench trial, so if you wish to appeal the judgment of conviction in this particular case, you must file a notice of appeal within 30 days of today's date. If you are indigent, a lawyer and a transcript will be provided to you for that purpose and for your appeal.
>
> If you wish to appeal the sentence or any aspect of the sentencing hearing, you must prior to an appeal file a motion to reconsider sentence. That motion must be in writing and set forth with particularity why it ought to be granted or any claim not stated may be waived for purposes of appeal. If indigent, a lawyer and transcript will be given to you for that purpose and for your appeal.
>
> If your motion is allowed, the sentence will be reconsidered. If it's denied, you would have 30 days thereafter to file a notice of appeal or direct that the clerk do so on your behalf. Your appeal rights are with you only 30 days from today's date."

Defense counsel filed a written motion to reconsider the sentence, arguing that the 20-year sentencing enhancement was excessive, unconstitutional, and not pursuant to the law. A hearing was held on the motion to reconsider. During the hearing, the trial court noted that defendant had proceeded by way of stipulated bench trial so that he could preserve his argument regarding the constitutionality of the sentencing enhancement. At the conclusion of the hearing, the trial court denied the motion to reconsider. Upon doing so, the trial court again admonished defendant that he had 30 days to file an appeal. This appeal followed.

## ANALYSIS

On appeal, defendant argues that his stipulated bench trial was tantamount to a guilty plea and that this case should be remanded for compliance with the supreme court rules pertaining to guilty pleas, specifically, Supreme Court Rule 605(c) (210 Ill. 2d R. 605(c)) and Rule 604(d) (210 Ill. 2d R. 604(d)). Defendant asserts that his stipulated bench trial was tantamount to a guilty plea because: (1) defense

counsel did not preserve a defense to the armed-robbery charge but rather only preserved a sentencing issue, and (2) in the proceeding, defense counsel essentially stipulated that the State's evidence was sufficient for a finding of guilty. The State disagrees with those two assertions and contends that defendant's stipulated bench trial was not tantamount to a guilty plea. Thus, the State argues a remand is not required in this case and that the trial court's judgment should be affirmed. The State concedes, however, that if this court finds that defendant's stipulated bench trial was tantamount to a guilty plea, a remand would be required.

■ The question of whether a defendant's stipulated bench trial is tantamount to a guilty plea is a question of law subject to *de novo* review on appeal. *People v. Chapman*, 379 Ill. App. 3d 317, 326, 883 N.E.2d 510, 517 (2007). "A guilty plea waives all nonjurisdictional defenses or defects." *People v. Horton*, 143 Ill. 2d 11, 22, 570 N.E.2d 320, 325 (1991). Proceeding to a stipulated bench trial allows a defendant to avoid the forfeiture or waiver rule as to an issue that the defendant seeks to preserve for appeal, while still letting the defendant take advantage of the benefits and conveniences of a guilty-plea proceeding. *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325. The general rule adopted by the supreme court is that a stipulated bench trial is tantamount to a guilty plea if the defendant either: (1) stipulates that the evidence is sufficient for a finding of guilty beyond a reasonable doubt, or (2) does not present or preserve a defense. See *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325. If a stipulated bench trial is tantamount to a guilty plea, the supreme court rules pertaining to guilty pleas must be followed. See *Horton*, 143 Ill. 2d at 21, 570 N.E.2d at 324 (if defense counsel stipulates that the facts as presented by the State are sufficient for a finding of guilty beyond a reasonable doubt, Supreme Court Rule 402 (177 Ill. 2d R. 402) admonishments must be given). Such rules would include Supreme Court Rules 605(c) and 604(d), as cited by defendant in this case. See 210 Ill. 2d Rs. 605(c), 604(d); *People v. Jamison*, 181 Ill. 2d 24, 29, 690 N.E.2d 995, 998 (1998) (discussing mandatory nature of Rule 605 admonitions and the interaction between Rules 605 and 604(d)); *People v. Janes*, 158 Ill. 2d 27, 34-36, 630 N.E.2d 790, 793-94 (1994) (requiring remand for failure to strictly comply with Rule 604(d)).

In the present case, defense counsel did not stipulate that the facts as presented by the State were sufficient for a finding of guilty. Rather, as is required for a stipulated bench trial to occur, defense counsel merely stipulated that if the case proceeded to trial, the State could in fact present the evidence that it had represented to the trial

court. Thus, we believe defendant misconstrues the nature of defense counsel's stipulation. See *Horton*, 143 Ill. 2d at 20, 570 N.E.2d at 324 (defendant's first stipulated bench trial was not tantamount to a guilty plea because defense counsel merely stipulated to the State's evidence and not to the legal conclusion to be drawn from that evidence and because defense counsel preserved a defense relating to the suppression of evidence; defendant's second stipulated bench trial, however, was tantamount to a guilty plea because defense counsel stipulated to the sufficiency of the evidence to convict).

We also disagree with defendant's assertion on appeal that defense counsel did not preserve a defense in proceeding to a stipulated bench trial. It is clear from the record that defense counsel was proceeding to a stipulated bench trial to preserve the issue of the constitutionality of the sentencing enhancement.[1] While it is true that the constitutionality of the sentencing enhancement is not technically a defense to the armed-robbery charge, we do not believe that our supreme court has interpreted the general rule so narrowly. For example, although the suppression of evidence is not technically a defense to a particular charge, our supreme court and the appellate courts have routinely referred to such an issue as a defense and have recognized that the preservation of such an issue is sufficient to prevent a stipulated bench trial from being tantamount to a guilty plea. See, *e.g.*, *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325; *People v. Chapman*, 379 Ill. App. 3d 317, 326-29, 883 N.E.2d 510, 517-19 (2007).

In sum, because defense counsel preserved the issue regarding the constitutionality of the sentencing enhancement and because defense counsel did not stipulate that the evidence was sufficient for a finding of guilty, defendant's stipulated bench trial in this case was not tantamount to a guilty plea. See *Horton*, 143 Ill. 2d at 22, 570 N.E.2d at 325. Defendant, with full knowledge and understanding of the proceedings, was allowed to preserve the issue he sought to preserve for appeal and still receive the benefit of a plea proceeding— the dismissal of three of the four charges against him. We conclude, therefore, that a remand for compliance with the supreme court rules pertaining to guilty pleas is not required in this case.

---

[1]We take no position on whether defense counsel was required to proceed by way of stipulated bench trial to preserve the sentencing issue in this case for appeal. Defendant on appeal does not allege that defense counsel was ineffective in any way, and we certainly do not disagree with defense counsel's decision to take a more cautious approach.

For the foregoing reasons, we affirm the judgment of the circuit court of Peoria County.

Affirmed.

LYTTON and O'BRIEN, JJ., concur.