# Illinois Official Reports

## Appellate Court

---

**People v. Weaver, 2013 IL App (3d) 130054**

---

| | |
|---|---|
| Appellate Court Caption | THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. HAROLD WEAVER, Defendant-Appellant. |
| District & No. | Third District<br>Docket No. 3-13-0054 |
| Filed | December 19, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The appellate court affirmed defendant's conviction for unlawful cannabis trafficking following a stipulated bench trial, notwithstanding his contention that the "faint odor" of cannabis coming from the backseat of his vehicle did not provide probable cause to search the trunk, since the testimony of the state trooper who made the initial stop based on defendant's speeding, including the testimony as to his training and expertise with respect to drug interdiction and the detection of the "faint odor" of cannabis in the backseat area, furnished probable cause for a search of the trunk. |
| Decision Under Review | Appeal from the Circuit Court of Henry County, No. 12-CF-274; the Hon. Charles H. Stengel, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

Bruce L. Carmen (argued), of Carmen Law Office, PC, of Cambridge, for appellant.

Terence M. Patton, State's Attorney, of Cambridge (Nadia L. Chaudhry and Judith Z. Kelly (argued), both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel

JUSTICE LYTTON delivered the judgment of the court, with opinion. Justices Holdridge and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1    Defendant, Harold Weaver, was arrested after a traffic stop led to the discovery of raw cannabis in the trunk of his car. Following a stipulated bench trial, the trial court found defendant guilty of unlawful cannabis trafficking (720 ILCS 550/5.1(a) (West 2012)) and sentenced him to 12 years in prison. On appeal, defendant argues that the court erred in denying his motion to suppress the evidence against him because the "faint odor" of cannabis emanating from the backseat of his vehicle did not give the officer probable cause to search the trunk. We affirm.

¶ 2    At the motion to suppress hearing, Officer Sean Veryzer testified that on August 4, 2012, he was on duty as a state trooper assigned to patrol Interstate 80. Around 8 p.m., he observed defendant's vehicle traveling eastbound at a high rate of speed. He fixed his radar on defendant and clocked the vehicle at 70 miles per hour in a 65-mile-per-hour zone. Veryzer activated his lights and pulled defendant over.

¶ 3    As Veryzer approached defendant's vehicle, he noticed that the rear window was down "about three inches." He reported a strong odor of laundry detergent or fabric softener emanating from the vehicle. Veryzer informed defendant that he was speeding and asked defendant to sit in his squad car while he issued a written warning.

¶ 4    After Veryzer completed the warning, he escorted defendant back to his car and informed defendant that he was "good to go." As defendant walked back to his vehicle, Veryzer called to him and started asking him a few more questions. Veryzer asked defendant if he could look in the trunk. Defendant initially said "yes" but then withdrew his consent and said that he needed to go. Veryzer then asked if he could search the interior portion of the vehicle, and defendant consented. Defendant opened the rear door and allowed Veryzer to search the car. A few moments later, Veryzer emerged and informed defendant that he detected the faint

- 2 -

odor of cannabis. He then read defendant his *Miranda* rights and searched the trunk of the car.

¶ 5    Veryzer testified that he had been a state trooper for four years and had taken more than 140 hours of criminal patrol classes for drug interdiction, which were designed to train officers for drug trafficking. He testified that, based on the knowledge he gained in those classes and the numerous arrests he had made, he was familiar with the smell of raw cannabis and could differentiate between raw and burnt marijuana. During the search of defendant's vehicle, he detected the odor of raw cannabis from the backseat area of the vehicle.

¶ 6    On redirect examination, Veryzer testified that he retrieved a duffel bag from the trunk of defendant's car and that the bag contained cannabis wrapped in small sealed plastic bags that were then placed in large bags that were also sealed. Sheets of fabric softener had been placed between the packaging.

¶ 7    Defendant testified that he packaged the cannabis himself. He placed the cannabis in oven bags and then layered the bags with two commercial style oven bags that he taped shut. He placed dryer sheets between the two commercial oven bags. Defendant testified that he was not able to smell cannabis as he was driving. He testified that he did not give Officer Veryzer consent to search the trunk of his car. In closing, defendant argued that, assuming he consented to the search and that his consent was valid, the faint odor of cannabis was insufficient evidence to meet the "plain smell" test for probable cause to search the trunk.

¶ 8    The trial court denied defendant's motion to suppress. In reaching its decision, the court stated that it found Veryzer's testimony that he smelled the "faint odor" of raw cannabis credible. The court noted that the officer was trained to detect the odor of raw marijuana and concluded that the officer's detection of the odor of cannabis in the rear of the vehicle gave him probable cause to search the trunk.

¶ 9    The matter was set for a stipulated bench trial. At the stipulated bench trial, the following discussion occurred:

> "THE COURT: All right. All right, so it's a stipulated bench trial tantamount to a plea of guilty.
>
> MR. CARMEN: That's right.
>
> THE COURT: Is that your understanding as well.
>
> MR. KERR [Assistant State's Attorney]: That's my understanding, Judge."

The court then accepted defendant's jury waiver and admonished defendant pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 1997). In admonishing defendant, the court stated:

> "THE COURT: Do you understand that a stipulation is to all the evidence against you and that the stipulation of the evidence against you would be a corresponding finding of guilt? Do you understand that?
>
> DEFENDANT: Yes sir.
>
> THE COURT: Now, in a stipulated bench trial, you still have the right to confrontation and the right to present witnesses during a stipulated bench trial. Do you understand that?

DEFENDANT: Yes sir.

THE COURT: And do you understand the State still has the burden of proof beyond a reasonable doubt in a stipulated bench trial? Do you understand that?

DEFENDANT: Yes, sir.

THE COURT: Therefore, Mr. Carmen, you're stipulating that there is sufficient evidence to convict the defendant.

MR. CARMEN: Yes."

¶ 10 The conversation later continued:

"THE COURT: Now, the stipulation is a plea of guilty to Count I.

MR. CARMEN: Count I, yes.

\* \* \*

THE COURT: And Counts II and II are going to be dismissed, correct:

MR. CARMEN: Yes.

\* \* \*

THE COURT: And this is an open plea or negotiated?

MR. CARMEN: Brian and I have talked about his, but I'm not sure we have cemented down all the terms here, but I think–Can we go off the record for a second?

THE COURT: Yes. Off the record.

THE COURT: Ok, so on the record, what is the negotiation?

MR. KERR: Twelve years in the Illinois Department of Corrections, followed by three years of mandatory supervised released."

¶ 11 The prosecutor then provided a factual basis for the offense. The prosecutor stated that defendant was stopped on Interstate 80 for speeding. Veryzer wrote defendant a warning, told him that he was "good to go" and then asked defendant if he could search the interior portion of the car. Defendant agreed to the search and, upon searching the vehicle, Veryzer detected a "faint odor" of raw cannabis coming from the vertical portion of the rear seat. Defendant was placed under arrest and the trunk was searched. During the search, Veryzer recovered two duffel bags containing a total of 28 pounds of cannabis. Defendant later told investigators that he was driving to New York to deliver the cannabis and that this was his sixth trip across the country since May of 2012. State lab tests confirmed that the bags contained cannabis.

¶ 12 The court asked defendant if he agreed with the stipulation, and defendant stated that he did. The court also asked defense counsel, "Are you agreeing that there is sufficient evidence to prove the defendant guilty beyond a reasonable doubt?" Carmen answered "Yes, Your Honor." The trial court found that the stipulation was knowing and voluntary and concluded that there was sufficient evidence to find the defendant guilty beyond a reasonable doubt of unlawful cannabis trafficking.

¶ 13 During sentencing, the court stated:

"I just want to tell you, this is a negotiated plea, and I've accepted the negotiation, so I can't change the terms of the negotiation. \*\*\* I am going to sentence you to 12

- 4 -

years in the Illinois Department of Corrections, to be followed by the three years' mandatory supervised release."

The court then recited the following admonishments:

"Now, I must advise you that you do have the right to appeal the judgment of conviction only if notice of appeal is filed in the trial court within 30 days from today's date. If you desire to challenge any part of the sentence or sentencing hearing, you must file prior to an appeal a motion to reconsider the sentence or any challenge to the sentencing hearing, within 30 days of today's date. This motion must be in writing and must set forth all the issues or claims of error about the sentence or the sentencing hearing. If you cannot afford it, a copy of the transcript of this stipulated bench trial and sentencing hearing will be provided for you. If you cannot afford an attorney, one will be appointed to assist you in the appeal or motion to reconsider the sentence. That if the notice of appeal or motion to reconsider is not filed within 30 days of today, you will lose your right to appeal and challenge the sentence. If the motion to reconsider the sentence is denied and you still desire to appeal, you must file–you must request the clerk to file a notice of appeal within 30 days of the date that the motion to reconsider was denied. Any issue or claim of error about the sentence imposed or any part of the sentencing hearing you fail to raise in your written motion will not be considered by the appellate court. Do you understand what I've said?"

Defendant responded that he did.

¶ 14 Within 30 days of the judgment and sentence, defendant filed a notice of appeal, challenging the court's suppression ruling. Defendant did not file a motion to withdraw the stipulation or reconsider the sentence prior to filing his notice of appeal.

¶ 15                                I. Jurisdiction on Appeal

¶ 16 The State initially argues that we lack jurisdiction to consider defendant's appeal because the stipulated bench trial was tantamount to a guilty plea and defendant failed to file a motion to withdraw his plea before filing his appeal pursuant to Illinois Supreme Court Rule 604(d) (eff. July 1, 2006).

¶ 17 The question of whether a defendant's stipulated bench trial is tantamount to a guilty plea is a question of law subject to *de novo* review. *People v. Horton*, 143 Ill. 2d 11 (1991). A guilty plea forfeits all nonjurisdictional defenses or defects. *Id.* at 22. On the other hand, a stipulated bench trial allows a defendant to avoid the forfeiture rule as to an issue the defendant seeks to raise on appeal, while still allowing the defendant to enjoy the advantages of a guilty plea. *People v. Thompson*, 404 Ill. App. 3d 265 (2010).

¶ 18 Courts recognize two types of stipulated bench trials: one in which the defendant stipulates to the evidence but does not stipulate to his or her guilt; and the other where the defendant stipulates to the sufficiency of the State's evidence to convict. See *Horton*, 143 Ill. 2d at 21-22 (noting that the second type is essentially a private agreement between the parties and the court that defendant is guilty). Either form allows the parties to enjoy the "benefits

and conveniences" of a guilty plea without requiring the defendant to forfeit issues such as those raised in a motion to quash and suppress evidence. *Id*. at 22.

¶ 19    A stipulated bench trial is tantamount to a guilty plea if (1) the State presents its entire case by way of stipulation and the defendant fails to preserve a defense, or (2) the defendant concedes, by way of stipulation, that the evidence is sufficient to support a guilty verdict. *People v. Clendenin*, 238 Ill. 2d 302 (2010); see also *Horton*, 143 Ill. 2d at 21 (where counsel stipulates that the facts as presented by the State are sufficient for a finding of guilty beyond a reasonable doubt, a stipulated bench trial is tantamount to a guilty plea). If a stipulated bench trial is tantamount to a guilty plea, Illinois Supreme Court Rule 402 (eff. July 1, 1997) admonishments must be given to the defendant. *People v. Smith*, 59 Ill. 2d 236 (1974). As Rule 402 specifically provides, "[i]n hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict" the defendant must be admonished as to the nature of the charge, the minimum and maximum sentence, the right to plead not guilty, and the consequences of a guilty plea. Ill. S. Ct. R. 402 (eff. July 1, 1997).

¶ 20    Illinois Supreme Court Rule 604(d) (eff. July 1, 2006) is entitled "Appeal by Defendant From a Judgment Entered Upon a Plea of Guilty." It mandates that before a defendant may appeal from a guilty plea, he must file a motion in the trial court to withdraw his guilty plea and vacate the judgment within 30 days of the date sentence is imposed. Any issue not raised in the motion to withdraw the plea is deemed forfeited. Ill. S. Ct. R. 604(d) (eff. July 1, 2006). Compliance with Rule 604(d) is a condition precedent to an appeal; if defendant fails to meet this requirement, the appellate court must dismiss the appeal. *People v. Flowers*, 208 Ill. 2d 291 (2003).

¶ 21    In this case, defense counsel stated that there was sufficient evidence to convict the defendant and he agreed that there was sufficient evidence to prove defendant guilty beyond a reasonable doubt. Thus, under *Horton* and its progeny, defense counsel's actions were tantamount to a guilty plea on behalf of the defendant, and Supreme Court Rule 402 admonishments were required.

¶ 22    However, that is not the question before us. The trial court properly admonished defendant as to the dangers of a stipulated bench trial tantamount to a guilty plea. Defendant was made aware of the stipulation's effect and was afforded the protections set forth by Rule 402. See *Smith*, 59 Ill. 2d at 242-43. The question we must determine is whether categorizing the proceeding as a stipulated bench trial "tantamount to a guilty plea" for purposes of Rule 402 renders defendant's trial a "guilty plea" subject to Supreme Court Rule 604(d). We conclude that it does not.

¶ 23    Supreme Court Rule 402 admonishes the defendant that by stipulating to the sufficiency of the evidence to convict in a guilty plea, he or she is forfeiting all nonjurisdictional defenses. Therefore, if a defendant states that he agrees that the evidence is sufficient to prove him guilty beyond a reasonable doubt during a stipulated bench trial, he should be properly instructed according to Rule 402. That reasoning is bolstered by the inclusion of a stipulation of guilt in the express language of the rule. However, a stipulated bench trial tantamount to a guilty plea is still a stipulated bench trial. It allows a defendant to avoid the forfeiture rule as to an issue that he or she seeks to preserve for appeal but take advantage of

the benefits of a guilty plea. See *Horton*, 143 Ill. 2d at 22. Thus, while it may be similar to a guilty plea, it is not actually a guilty plea subject to Rule 604(d).

¶ 24 Our conclusion is supported by the supreme court's decision in *People v. Wilk*, 124 Ill. 2d 93 (1988). In that case, the court noted that the purpose of Rule 604(d) is to give the trial court the opportunity to hear the allegations of improper conduct that took place outside the record. The trial court's decision should be made on the record and then considered on review. *Id*. at 104. In the case of a stipulated bench trial tantamount to a guilty plea, the issue for appeal has been preserved and the factual basis upon which the defendant relies is on the record for us to review. Thus, a motion to withdraw and a hearing before the trial court are not necessary.

¶ 25 In this case, defendant proceeded to a stipulated bench trial to preserve the motion to suppress issue while still receiving the benefits of the negotiated sentence. His trial was conducted as a stipulated bench trial tantamount to a guilty plea. He did not enter a guilty plea. Therefore, compliance with Rule 604(d) is not a condition precedent to defendant's appeal. See Ill. S. Ct. R. 604(d) (eff. July 1, 2006) (specifically applies to guilty pleas).

¶ 26                                II. Motion to Suppress

¶ 27 Defendant argues that the trial court erred in denying his motion to suppress because the detection of a "faint odor" of cannabis is not a plain enough sensation under the "plain smell" rule to rise to the level of probable cause. Defendant does not challenge the initial stop, his consent to search the interior of the vehicle, or the trial court's finding that the officer's testimony of a "faint odor" of cannabis was credible.

¶ 28 The Illinois Supreme Court has held that an officer's testimony as to the odor of cannabis, when supported by testimony regarding training and experience detecting such an odor, provides probable cause to extend the search. *People v. Stout*, 106 Ill. 2d 77 (1985). In *Stout*, the officer testified that he detected the odor of burning cannabis from inside the defendant's car. He also testified that he had smelled the odor of burning cannabis on numerous other occasions during his seven-year employment as an officer. The court held that a police officer's detection of a controlled substance by smell can be a permissible method of establishing probable cause and that "corroboration is not required where a trained and experienced police officer detects the odor of cannabis emanating from a defendant's vehicle." *Stout*, 106 Ill. 2d at 88. In reaching its conclusion that distinctive odors can be persuasive evidence of probable cause, the supreme court did not differentiate between a strong or faint odor, or burnt or raw cannabis. See *People v. Smith*, 2012 IL App (2d) 120307.

¶ 29 Here, Officer Veryzer testified that he smelled the odor of cannabis emanating from the backseat. He further testified that he had four years of experience as a State Police officer and that he had extensive training in narcotics detection and drug trafficking, including how to detect the smell of raw cannabis.

¶ 30 In *Smith*, the appellate court was presented with a similar issue. In that case, the defendant argued that the smell of raw cannabis differentiated his case from *Stout*, in which

the officer smelled burnt cannabis. The court held that whether the cannabis was burnt or raw did not alter the application of *Stout*. *Smith*, 2012 IL App (2d) 120307, ¶¶ 15-17.

¶ 31 We agree with the analysis in *Smith*; we find no basis in *Stout* to limit its holding to a "strong" odor of cannabis. As noted in *Smith*, the cornerstone of the *Stout* holding is that establishing probable cause requires some evidentiary foundation for an officer's identification of a particular odor. *Id.* ¶ 16. *Stout* was not concerned with whether the odor was faint or strong. See *Stout*, 106 Ill. 2d at 87-88.

¶ 32 In this case, Veryzer testified that he had experience and could distinguish between the smell of burnt and raw cannabis. His testimony that he smelled the faint odor of raw cannabis, coupled with his foundation testimony as to expertise, was sufficient to furnish probable cause to search the trunk under *Stout*.

¶ 33                                                           CONCLUSION
¶ 34 The judgment of the circuit court of Henry County is affirmed.

¶ 35 Affirmed.