**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2020 IL App (3d) 180186-U

Order filed October 21, 2020

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2020

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Marshall County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-18-0186 Circuit No. 17-CM-3 |
| | ) ) | Honorable |
| JUSTIN R. EVANS, | ) ) | Thomas A. Keith & Stephen A. Kouri |
| Defendant-Appellant. | ) | Judges, Presiding. |

PRESIDING JUSTICE LYTTON delivered the judgment of the court.
Justices Carter and McDade concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The court failed to admonish defendant pursuant to Illinois Supreme Court Rule 402, as required when a stipulated bench trial is tantamount to a guilty plea.

¶ 2    Defendant, Justin R. Evans, appeals his conviction for violation of bail bond. Defendant argues that the Marshall County circuit court erred by failing to admonish him pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012) before accepting his jury trial waiver and agreement

to a stipulated bench trial, and by failing to determine whether defendant's decision was knowing and voluntary. We reverse and remand.

¶ 3                                    I. BACKGROUND

¶ 4        The State charged defendant with violation of bail bond (720 ILCS 5/32-10(b) (West 2016)), alleging that, while on bail, defendant approached and spoke to Christina Britton, violating the no-contact condition of his release.

¶ 5        Defendant appeared in court to plead guilty. No verbatim transcript exists for the beginning of the guilty plea hearing, as no court reporter was present and the hearing was not audio recorded. According to the agreed statement of facts, "[n]either [the State] nor [defendant's plea counsel] can independently recall or confirm that the court admonished [defendant] pursuant to Illinois Supreme Court Rule 402 during the unrecorded portion of the guilty plea hearing."

¶ 6        A court reporter arrived during the hearing, creating a partial transcript of the proceedings:

"THE COURT: The charge says here that after you were admitted to bail on December 3rd for appearance in this courtroom, that on January 3rd it says you made contact directly or indirectly with Christina Britton. Tell me what happened.

* * *

THE DEFENDANT: I walked down to the post office. I mailed something. I was kind of cold, so I stayed in there a couple minutes. And then I left the post office, and I saw her car there, and I didn't want to have any contact with her, so I—I left.

THE COURT: And you didn't—there was no contact?

THE DEFENDANT: No, sir.

THE COURT: What am I going to do with that?

2

[DEFENSE COUNSEL]: Judge, when I spoke—

THE COURT: What you're asking me to do is accept a no-contest plea.

[DEFENSE COUNSEL]: Basically. He indicated he saw her testify at the—there was an OP. He witnessed her. He said she is very believable. He believes she will say exactly what the charging instrument says, and he believes that's enough to find him guilty of the charge.

THE COURT: [State], do you have anything to say here?

[THE STATE]: Judge, if he's pleading guilty, I think the State's factual basis substantiates the charge. So, I mean, if you don't want to accept it, that's fine with me. We are ready to go to trial as soon as you want to set it if she is available to testify.

THE COURT: Well, we have got—

[THE STATE]: On both cases.

THE COURT: Yeah. Okay. I will accept it this way: If the State tells me what they will prove, and with a stipulated bench trial. Do you need time to talk to your attorney?

THE DEFENDANT: Yes, sir."

¶ 7        After a recess, the court conducted a stipulated bench trial. The State provided the following facts:

"Judge, essentially the facts would be that Cristina Britton would testify that on the date alleged at the post office in the City of Lacon she was there. [Defendant] came to the location and basically told her that he loved her, and he wasn't going to give up, and then it took some time for him to exit the area.

3

And I would also present at the same time, Judge, that he was under bond in a case prior to that where he was to have no contact of any kind with Cristina Britton."

Defendant's plea counsel stipulated to the State's factual account and presented no evidence. The court found defendant guilty and sentenced him to 12 months' probation.

¶ 8 Defendant subsequently filed a motion to vacate the stipulated bench trial verdict. At a hearing on the motion, defendant testified that the State offered him court supervision if he pled guilty. Defendant believed he did nothing wrong but decided to accept the plea deal after researching what court supervision entailed. Defendant testified that, during the recess, plea counsel told him that a stipulated bench trial would "get it done and over with." Plea counsel advised defendant that the court would likely hold him in contempt if he did not cooperate with the stipulated bench trial. The court denied defendant's motion.

¶ 9                                II. ANALYSIS

¶ 10 Defendant argues that because his stipulated bench trial was tantamount to a guilty plea, the court erred when it failed to comply with Rule 402 to ensure that his decision was knowing and voluntary. We agree. The court failed to admonish defendant pursuant to Rule 402, as required when a stipulated bench trial is tantamount to a guilty plea.

¶ 11 Before reaching the merits of defendant's argument, we must determine whether the record is sufficient for us to rule on his claim. A defendant risks waiving his claim on appeal when he fails to supplement the record where no verbatim transcript is available. See *People v. Kline*, 16 Ill. App. 3d 1017, 1021 (1974). We find that the record is sufficient, as the agreed statement of facts supplements the missing transcript section.

¶ 12    A court must admonish a defendant pursuant to Rule 402 when a stipulated bench trial is tantamount to a guilty plea. *People v. Weaver*, 2013 IL App (3d) 130054, ¶ 19. "A stipulated bench trial is tantamount to a guilty plea if (1) the State presents its entire case by way of stipulation and the defendant fails to preserve a defense, or (2) the defendant concedes, by way of stipulation, that the evidence is sufficient to support a guilty verdict." *Id.* We review *de novo* whether a stipulated bench trial is tantamount to a guilty plea. *People v. Thompson*, 404 Ill. App. 3d 265, 270 (2010).

¶ 13    Under Rule 402, a court must ensure, prior to accepting a guilty plea or a stipulation that the evidence is sufficient to convict, that a defendant understands: (1) the nature of the charge; (2) the minimum and maximum possible sentence; (3) that he has the right to plead not guilty; and (4) that by pleading guilty he waives his rights to a trial, to testify on his own behalf, and to call and confront witnesses against him. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). "The purpose of Rule 402(a) admonishments is to ensure that the defendant understands the stipulation, the rights he is waiving by stipulating to the sufficiency of the evidence, and the consequences of the stipulation." *People v. Campbell*, 2015 IL App (3d) 130614, ¶ 16. Rule 402 requires substantial compliance, not strict compliance. *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). "Substantial compliance is satisfied when the record shows affirmatively and specifically that the defendant understood the admonishments." *Campbell*, 2015 IL App (3d) 130614, ¶ 16. We review *de novo* whether the court complied with supreme court rules. *People v. Gabrys*, 2013 IL App (3d) 110912, ¶ 26.

¶ 14    The stipulated bench trial at issue was tantamount to a guilty plea because the State presented its entire case by stipulation and defendant failed to preserve, or even present, a defense. The State argues that defendant's innocence claim, which he made during the guilty plea hearing,

acted as a defense. However, defendant did not make his innocence claim during the stipulated bench trial. A guilty plea hearing is distinct from a stipulated bench trial. *Weaver*, 2013 IL App (3d) 130054, ¶ 23 ("[W]hile [a stipulated bench trial] may be similar to a guilty plea, it is not actually a guilty plea ***."). When the court conducted the stipulated bench trial, it began an entirely new proceeding. During the stipulated bench trial, defendant failed to preserve a defense by refusing to present evidence. Therefore, the stipulated bench trial was tantamount to a guilty plea, necessitating that the court admonish defendant pursuant to Rule 402.

¶ 15     The partial transcript of the guilty plea hearing and stipulated bench trial lacks any indication that the court gave defendant the requisite admonishments. According to the agreed statement of facts, neither defendant's plea counsel nor the prosecutor that was present at the guilty plea hearing can recall or confirm that the court admonished defendant during the unrecorded portion of the proceedings. The State does not argue that the court did in fact admonish defendant. Based on our review of the record, the court failed to admonish defendant pursuant to Rule 402, as required when a stipulated bench trial is tantamount to a guilty plea. We reverse defendant's conviction and remand for further proceedings.

¶ 16                                   III. CONCLUSION

¶ 17     The judgment of the circuit court of Marshall County is reversed and remanded.

¶ 18     Reversed and remanded.

6