NOTICE

Decision filed 10/13/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210048-U

NO. 5-21-0048

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Randolph County. |
| | ) | |
| v. | ) | No. 20-CF-240 |
| | ) | |
| PATRICK J. JONES, | ) | Honorable |
| | ) | Richard A. Brown, |
| Defendant-Appellant. | ) | Judge, presiding. |

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Welch and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*: *People v. Mayfield*, 2023 IL 128092, disposed of defendant's argument that his speedy-trial rights were violated. Moreover, the trial court substantially complied with Illinois Supreme Court Rule 402(a) prior to defendant's stipulated bench trial and defendant's agreed-upon sentence was proper. As any argument to the contrary would lack merit, we grant defendant's appointed counsel on appeal leave to withdraw and affirm the circuit court's judgment.

¶ 2    Following a stipulated bench trial, the trial court found defendant, Patrick J. Jones, guilty of burglary. The court had previously denied his motion to dismiss on speedy-trial grounds. His appointed appellate counsel, the Office of the State Appellate Defender (OSAD), has concluded that there is no reasonably meritorious argument that reversible error occurred. Accordingly, it has filed a motion to withdraw as counsel along with a supporting memorandum. See *Anders v. California*, 386 U.S. 738 (1967). OSAD has notified defendant of its motion, and this court has

1

provided him with ample opportunity to respond, but he has not done so. After considering the record on appeal and OSAD's motion supporting brief, we agree that this appeal presents no reasonably meritorious issues. Thus, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 3                                    BACKGROUND

¶ 4     Defendant was arrested on September 9, 2020. He filed a speedy-trial demand on October 28, 2020. After continuances caused by the COVID pandemic, the court set the trial date for March 1, 2021. However, on February 19, 2021, after having been in custody for 163 days, defendant waived a jury trial and agreed to a stipulated bench trial. The State agreed to dismiss an earlier burglary charge and an unrelated traffic case.

¶ 5     The court informed defendant that he had a right to a bench or jury trial and that, if he elected to waive a jury trial, that decision was final. Defendant assured the court that he had not been threatened or promised anything beyond the stated terms of the agreement. The court thus found defendant's decision voluntary.

¶ 6     The purpose of the stipulated bench trial was to preserve defendant's contention that his right to a speedy trial had been violated. Accordingly, defense counsel first moved to dismiss on that ground. Counsel argued that defendant had been in custody for more than 120 days in violation of the speedy-trial statute (725 ILCS 5/103-5 (West 2020)) and that supreme court administrative orders suspending the speedy-trial statute during the pandemic were unconstitutional. The State did not dispute that defendant was not brought to trial within 120 days but responded that the rules were a permissible exercise of the court's supervisory authority over the lower courts. The court denied the motion.

¶ 7    The prosecutor stated that, if called as a witness, Amy Robertson would testify that she owned a house in Sparta. She had not given defendant permission to enter it. However, other witnesses would testify that defendant entered the house in order to commit a theft.

¶ 8    The defense stipulated that the evidence would be sufficient to convict defendant of burglary. In response to questioning by the court, defendant agreed that he wanted to stipulate to the sufficiency of the evidence. Based on the evidence received by stipulation, the court found defendant guilty.

¶ 9    The parties agreed to waive a presentence investigation report and to jointly recommend a sentence of three years' imprisonment. The court imposed that sentence and defendant timely appealed.

¶ 10    Defendant, represented by OSAD, filed a brief arguing that the supreme court's supervisory authority over the lower courts did not allow it to suspend defendant's speedy-trial rights. After oral argument, the supreme court issued its opinion in *People v. Mayfield*, 2023 IL 128092. We ordered the parties to file supplemental briefs addressing *Mayfield*'s application to this case. In lieu of a supplemental brief, OSAD filed this *Anders* motion concluding that *Mayfield* is dispositive of the issues raised. OSAD raised two additional issues but concluded that neither has arguable merit.

¶ 11                                   ANALYSIS

¶ 12    OSAD first concludes that *Mayfield* disposes of defendant's argument that that he was not tried within 120 days as required by the statute and that the supreme court's administrative orders overriding the statute during the pandemic violated separation-of-powers principles.

¶ 13    On March 20, 2020, the supreme court entered an emergency order authorizing the chief judges of each circuit to continue trials for 60 days due to the pandemic. *Mayfield*, 2023 IL

3

128092, ¶ 7 (citing Ill. S. Ct., M.R. 30370 (eff. Mar. 20, 2020)). On April 7, the court clarified its intent to toll the speedy-trial statute's time restrictions:

> " 'The Chief Judges of each circuit may continue trials until further order of this Court. The continuances occasioned by this Order serve the ends of justice and outweigh the best interests of the public and defendants in a speedy trial. Therefore, such continuances shall be excluded from speedy trial computations contained in section 103-5 of the [Code] [citation] ***. Statutory time restrictions in section 103-5 of the [Code] *** shall be tolled until further order of this Court.' " *Id.* ¶ 9 (quoting Ill. S. Ct., M.R. 30370 (eff. Apr. 7, 2020)).

¶ 14 The right to a speedy trial is fundamental and guaranteed to a defendant under both the federal and state constitutions. U.S. Const., amend. VI; Ill. Const. 1970, art. I, § 8; *People v. Van Schoyck*, 232 Ill. 2d 330, 335 (2009). In addition, Illinois provides by statute that, if an incarcerated defendant is not tried within 120 days (excluding delays attributable to the defense), he or she must be discharged from custody and the charges dismissed. *Mayfield*, 2023 IL 128092, ¶ 19 (citing 725 ILCS 5/103-5(a) (West 2020)).

¶ 15 The defendant in *Mayfield*, like defendant here, argued that the supreme court overstepped its authority in suspending the speedy-trial statute. *Id.* ¶ 15. The court disagreed, noting that it retains primary constitutional authority over court procedure and thus, where "a statute cannot be reconciled with a rule of this court adopted pursuant to our constitutional authority, the rule will prevail." *Id.* ¶ 31. The court rejected "the notion that the administrative orders concerning court procedure exceeded this court's authority explicitly conferred by the state constitution." *Id.* ¶ 36.

4

¶ 16 As *Mayfield* rejected virtually the identical argument that defendant makes here, we agree that it controls the outcome. The trial court correctly held that defendant's statutory right to be tried within 120 days was superseded by the supreme court's administrative orders.

¶ 17 OSAD identifies two other potential arguments in its *Anders* motion. It first questions whether the trial court properly admonished defendant prior to the stipulated bench trial but concludes that such an argument would not be meritorious.

¶ 18 A stipulated bench trial is considered tantamount to a guilty plea where (1) the State presents its entire case by stipulation and the defendant fails to preserve a defense or (2) the defendant concedes, by way of stipulation, that the evidence is sufficient to support a guilty verdict. *People v. Burns*, 2020 IL App (3d) 170103, ¶ 59. Whether a stipulated bench trial is tantamount to a guilty plea is a question of law that we review *de novo*. *Id.*

¶ 19 The second situation applies here. The defense stipulated not just that the witnesses would testify as suggested but that such testimony would be sufficient to convict. Where that is the case, the trial court must admonish the defendant pursuant to Illinois Supreme Court Rule 402(a). Ill. S. Ct. R. 402(a) (eff. July 1, 2012). The rule requires the court to inform the defendant of the nature of the charge, the minimum and maximum sentences, that he has the right to plead not guilty, and that by stipulating that the evidence is sufficient to convict, he or she waives the right to a jury trial and to confront the State's witnesses. *Id.*

¶ 20 OSAD notes that the court did not inform defendant that he had the right to plead not guilty but concludes that this is not required—and indeed would make little sense—in the case of a stipulated bench trial. This is because "while a stipulated bench trial of this nature is similar to a guilty plea, the fact remains that the defendant is not pleading guilty." *Burns*, 2020 IL App (3d) 170103, ¶ 65 (citing *People v. Weaver*, 2013 IL App (3d) 130054, ¶¶ 23, 25). As *Burns* observed,

5

"Clearly, this defendant understood that he had the right to plead not guilty because he was, in fact, pleading not guilty." *Id.* Thus, an explicit admonishment that defendant had the right to plead not guilty was unnecessary.

¶ 21 OSAD further observes that, prior to accepting defendant's stipulation, the court did not admonish him of the nature of the offense or the possible sentences. *Burns* held that this was not necessary because the court had advised the defendant of the sentencing options on prior occasions. *Id.* ¶¶ 68-69. Here, counsel notes that, although the proceeding was not transcribed, a docket entry for defendant's arraignment on September 11, 2020, states, "Defendant appears from Jail and is admonished." OSAD further contends that, even if defendant was not admonished about the possible sentences at arraignment, this would still not require reversal as defendant has not claimed prejudice from the lack of such knowledge. See *People v. Warship*, 59 Ill. 2d 125, 129 (1974) ("The defendant does not now contend that he did not understand that the minimum sentence for burglary was one year and he does not contend that he was in any way prejudiced by the failure of the court to state the minimum sentence.").

¶ 22 Here, defendant never expressed confusion about the sentencing options, did not file a posttrial motion suggesting that he was confused about the possible sentences, and has not filed anything in this court to that effect. He agreed to and received a three-year sentence, the minimum possible prison term. Therefore, we agree that defendant was not prejudiced by any failure to reiterate the sentencing options.

¶ 23 Finally, OSAD suggests that there is no reasonably meritorious argument that defendant's sentence was improper. As noted, defendant received the minimum prison sentence. Defendant's agreement forfeits any argument that the sentence was improper.

6

¶ 24                                         CONCLUSION

¶ 25    As this appeal presents no issue of arguable merit, we grant OSAD leave to withdraw and affirm the circuit court's judgment.

¶ 26    Motion granted; judgment affirmed.