2015 IL App (3d) 130614

Opinion filed August 6, 2015

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2015

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-13-0614 Circuit No. 11-CF-251 |
| CHRISTOPHER CAMPBELL, | ) ) ) | Honorable Stephen Kouri |
| Defendant-Appellant | ) | Judge, Presiding |

JUSTICE O'BRIEN delivered the judgment of the court, with opinion.
Presiding Justice McDade and Justice Carter concurred in the judgment and opinion.

**OPINION**

¶ 1     Defendant Christopher Campbell was found guilty of criminal sexual assault after a stipulated bench trial and sentenced to 15 years' imprisonment. He appealed his conviction. We reverse and remand.

¶ 2                                          FACTS

¶ 3     Defendant Christopher Campbell was charged by indictment with one count of aggravated criminal sexual assault and one count of criminal sexual assault. 720 ILCS 5/12-14(c), 12-13(a)(2) (West 2010). The charges alleged that Campbell knowingly performed an act

of sexual penetration on G.W., a severely or profoundly mentally retarded person, and that he knowing committed an act of sexual penetration with G.W., knowing that she was unable to understand the nature of the act or give knowing consent.

¶ 4    Campbell opted to waive his right to a jury trial and signed a written jury trial waiver. The written waiver stated that Campbell understandingly waived his jury trial right, entered a not guilty plea, and agreed to a bench trial. The waiver also stated that Campbell understood he had the right to a jury trial and that if he waived the right, the judge would decide the case; that in a jury trial, all 12 jurors had to agree before a verdict could be accepted; that Campbell was executing the waiver freely and without threats or promises; and that Campbell had discussed the options with his attorney, who did not force him give up his rights.  The trial court verified that Campbell had signed the waiver and admonished him that he was waiving his right to a trial by jury and that the judge would decide the case. The trial court questioned Campbell about whether he wished to waive his jury trial rights before it accepted the waiver.

¶ 5    At the next court date, Campbell opted to enter a guilty plea. He signed a guilty plea statement, which provided that he was informed of the nature of the charges and the minimum and maximum penalties; that he had the right to plead not guilty or persist in a not guilty plea if already made; that he had the right to plead guilty and in doing so would be giving up his right to a trial and to confront the witnesses against him; and that he was waiving all possible defenses. The written plea also stated that Campbell entered the plea without force or threat and because he was guilty; that he understood his right to be represented by counsel; and that counsel would be appointed if Campbell could not afford counsel.  Finally, the plea stated that Campbell understood he had the right to appeal and must first withdraw his guilty plea in order to appeal.

¶ 6    The trial court admonished Campbell in compliance with Illinois Supreme Court Rule 402(a) (eff. July 1, 1997), including informing him of the nature of the charges and the possible sentences and penalties; the right to stand on his not guilty plea, which would result in a trial; the trial could be in front of a judge or jury and that the decision would be Campbell's to make. The trial court further admonished Campbell regarding his jury trial waiver, indicating the trial would then be in front of a judge, his rights to an attorney, to cross-examine witnesses, to call or subpoena witnesses, and to testify; and that if Campbell did not testify, it could not be used against him. Campbell indicated that he understood the rights and, that by pleading guilty, he was waiving his right to a trial and other rights as admonished.

¶ 7    Campbell pleaded guilty to criminal sexual assault in exchange for the State's agreement to recommend a sentencing cap of 15 years. Campbell was subject to Class X sentencing on the offense because of prior convictions, resulting in a maximum possible sentence of 30 years. The State provided a factual basis and the trial court accepted the plea, finding the plea was voluntary and knowing. On the sentencing date, Campbell orally moved to withdraw his guilty plea following the imposition of his sentence. He was sentenced to 15 years' imprisonment.

¶ 8    Campbell filed a written motion to withdraw his guilty plea, alleging that he was under severe stress at the time he agreed to the plea because of family issues, and were it not for the stress, he would not have pleaded guilty. Campbell's motion was heard and granted by the trial court. Campbell filed a motion for a new judge as a matter of cause, alleging the judge was prejudiced against him. He also filed a motion to dismiss based on a speedy trial violation. Both motions were heard before a different judge and denied. Campbell filed a motion to suppress his statements and a renewed motion for independent DNA testing.

3

¶ 9       Prior to a hearing on the Campbell's motions, the parties reached an agreement. In exchange for a 15-year sentence on the criminal sexual assault charge, Campbell agreed to proceed with a stipulated bench trial. The stipulation provided, in part, that the evidence the State would present at trial was sufficient to prove Campbell guilty beyond a reasonable doubt. The trial court admonished Campbell as to the nature of the charge; that he was eligible for an extended term sentence of 4 to 30 years' imprisonment, a $25,000 fine, and two years of mandatory supervised release, if found guilty; or that he could receive a term of probation of up to four years; and that any sentence would be at a minimum of 85%.

¶ 10       The trial court further admonished Campbell that he had a right to stand on his not guilty plea and a right to a trial, stating "[i]n this case, it will be a stipulated bench trial." Campbell was further admonished regarding his rights to an attorney, to cross-examine, call or subpoena any witness, and to testify. Campbell indicated he understood his rights and that by proceeding with a stipulated bench trial, he would be waiving some of the rights. Finally, the trial court told Campbell that the State had the burden of proof and must prove the charge beyond a reasonable doubt.

¶ 11       The State presented a factual basis with the stipulated evidence. The defense did not present any evidence. On the trial court's inquiry, Campbell stated that he chose not to testify. The trial court found Campbell guilty beyond a reasonable doubt of criminal sexual assault. The aggravated criminal sexual assault count was voluntarily dismissed. The parties waived the presentation of aggravating and mitigating factors and the presentence investigation. The trial court sentenced Campbell to a term of imprisonment of 15 years and admonished him regarding his appeal rights. Campbell followed with this appeal.

¶ 12                                  ANALYSIS

¶ 13    The issue on appeal is whether the trial court failed to properly admonish Campbell regarding his right to a jury trial. Campbell argues that the stipulated trial was tantamount to a guilty plea, necessitating Illinois Supreme Court Rule 402 (eff. July 1, 1997) admonishments, which he maintains the trial court failed to properly provide. According to Campbell, the trial court did not admonish him regarding his right to a trial by jury, or that by proceeding with a stipulated bench trial, he was waiving his right to a jury trial. He thus submits his waiver was not knowingly and understandingly made.

¶ 14    We must first address whether Campbell forfeited this issue. He did not object to the admonishments at the stipulated bench trial or raise their inadequacy in a posttrial motion but maintains the issue should be reviewed as plain error. Under the plain error doctrine, a reviewing court may consider an issue that was not preserved when (1) the evidence is closely balanced such that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error, or (2) the error is so serious it affected the fairness of the proceedings and challenged the integrity of the judicial process, regardless of the closeness of the evidence. *People v. Piatkowski*, 225 Ill. 2d 551, 565 (2007). Whether a defendant's fundamental right to a jury trial has been violated may be considered under the plain error doctrine. *People v. Bracey*, 213 Ill. 2d 265, 270 (2004). The first step under plain error review requires a determination as to whether plain or obvious error occurred. *People v. Bannister*, 232 Ill. 2d 52, 65 (2008).

¶ 15    Where a stipulated bench trial is tantamount to a guilty plea, the trial court must admonish the defendant pursuant to Illinois Supreme Court Rule 402(a) (eff. July 1, 1997), *People v. Weaver*, 2013 IL App (3d) 130054, ¶ 17. A stipulated bench trial is tantamount to a guilty plea when the entirety of the State's case is presented by stipulation and the defendant

does not present or preserve a defense, or when the stipulation includes a statement that the evidence is sufficient to convict. *Weaver*, 2013 IL App (3d) 130054, ¶ 19. Prior to accepting a stipulation tantamount to a guilty plea, the trial court must admonish a defendant, in relevant part, that by stipulating that the evidence is sufficient to convict, he waives the right to a jury trial. Ill. S. Ct. R. 402(a) (eff. July 1, 1997); *People v. Porter,* 352 Ill. App. 3d 962, 965-66 (2004). A defendant's right to a jury trial is a fundamental right which may be waived when such waiver is knowingly and understandingly made. 725 ILCS 5/103-6 (West 2010); *Bracey*, 213 Ill. 2d at 269.

¶ 16        The purpose of Rule 402(a) admonishments is to ensure that the defendant understands the stipulation, the rights he is waiving by stipulating to the sufficiency of the evidence, and the consequences of the stipulation. *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009). Strict compliance with the rule is not required; substantial compliance is sufficient. *Dougherty*, 394 Ill. App. 3d at 138. Substantial compliance is satisfied when the record shows affirmatively and specifically that the defendant understood the admonishments. *People v. Walker*, 109 Ill. 2d 484, 499 (1985). We review compliance with supreme court rules *de novo*. *People v. Gabrys*, 2013 IL App (3d) 110912, ¶ 26.

¶ 17        After Campbell withdrew his plea and proceeded with the stipulated bench trial, the trial court admonished Campbell that he had the right to stand on his plea of not guilty plea and that he had the right to a trial, among other rights. The trial court then stated Campbell would have a stipulated bench trial and explained that by stipulating, Campbell was agreeing with what the State's evidence would be. The trial court also admonished Campbell that he was waiving some of his rights by agreeing to a stipulated bench trial, including his right to testify and to call his

own witnesses. The admonishment did not include that Campbell had right to a jury trial or that proceeding to the stipulated bench trial, he would be waiving his jury trial right.

¶ 18    The State argues Campbell understood his right to a jury trial and knowingly and understandingly waived the right based on prior admonishments. Campbell was previously admonished when he signed the jury trial waiver and when he entered his guilty plea. He was admonished a third time prior to the stipulated bench trial. At that time, the trial court informed Campbell he had a "right to a trial," without mentioning trial by jury. The trial court further stated that Campbell was going to have a stipulated bench trial but did not inform Campbell that he was entitled to invoke his right to a jury trial. Although the trial court informed Campbell that by proceeding with the stipulated bench trial, he was waiving his rights to testify and call witnesses, it did not inform Campbell he was also waiving his right to be tried by a jury. It is because Campbell had previously waived his jury trial right that it was critical the trial court inform him the right was reinstated after his plea was withdrawn and that his prior waiver was of no effect. In admonishing Campbell prior to the stipulated bench trial, the trial court anticipated that Campbell was waiving his right to trial by jury and opting to proceed before the trial court.

¶ 19    In *People v. Culbertson*, 162 Ill. App. 3d 319, 321 (1987), the trial court admonished the defendant that by pleading guilty, he was waiving his " 'right to a hearing or trial.' " In determining the admonishment insufficient, the reviewing court noted that there was nothing in the record to demonstrate that the defendant knew he had a right to a jury trial. *Culbertson*, 162 Ill. App. 3d at 321. The *Culbertson* court found the admonishments the defendant had received regarding his right to a jury or bench trial at his arraignment were insufficient and did not constitute compliance with the Rule 402(a) requirements. *Culbertson*, 162 Ill. App. 3d at 321. Similarly, in *Bracey*, the reviewing court found that the defendant's jury waiver from his first

7

trial did not extend to his second trial. *Bracey*, 213 Ill. 2d at 271. In finding that the defendant's waiver from his first trial was "of little evidentiary value and no legal effect" regarding whether the defendant knowingly waived his jury trial right at the second trial, the reviewing court determined that the record indicated that the defendant "was led to believe" his prior waiver obligated him to a bench trial again. *Bracey*, 213 Ill. 2d at 272.

¶ 20        We recently reviewed this issue in *People v. Hollahan*, where we declined to require the trial court to admonish a defendant about his jury trial right after he pleaded guilty and then withdrew the plea. *People* v. *Hollahan*, 2015 IL App (3d) 130525, ¶ 21. That case is distinguished from the instant one in that the plea in Hollahan did not include the jury wavier. *Hollahan*, 2015 IL App (3d) 130525, ¶ 8. In contrast, Campbell's guilty plea included the jury waiver and when his plea was withdrawn, his jury waiver was also withdrawn. We thus distinguish *Hollahan* and extend the rule that a jury waiver is "expended" when the waiver was part of a plea that was subsequently withdrawn.

¶ 21        We cannot assume that Campbell was aware that his right to a jury trial was again available after he withdrew his plea, although the record indicates Campbell was aware he could change his mind regarding his plea. We find that the trial court's admonishments were insufficient in that they did not inform Campbell that he had a right to a jury trial and that by agreeing to the stipulated bench trial, he was waiving his right to a trial by jury. Campbell was not informed of his reinstated jury trial rights prior to the stipulated bench trial as required.

¶ 22        Because we find there was obvious error, we must then determine whether the second prong of the plain error test is satisfied. Whether a defendant's fundamental right to a jury trial has been violated may be considered under the second plain error prong. The issue on appeal was not forfeited and is appropriate for review under the plain error doctrine. We further find

that because Campbell was not properly admonished, his jury waiver was not understandingly and knowingly made. We thus reverse his conviction and remand for further proceedings after proper admonishments.

¶ 23       For the foregoing reasons, the judgment of the circuit court of Peoria County is reversed and the cause remanded.

¶ 24       Reversed and remanded.