NOTICE

Decision filed 04/28/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 220819-U

NO. 5-22-0819

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Macon County. |
| | ) | |
| v. | ) | No. 08-CF-1805 |
| | ) | |
| EMERSON T. BURNS, | ) | Honorable |
| | ) | Jeffrey S. Geisler, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE CLARKE* delivered the judgment of the court.
Presiding Justice Cates and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court's denial of the defendant's postconviction petition following a third-stage evidentiary hearing is affirmed where the defendant's jury waiver remained valid despite the failure of anticipated plea negotiations, and trial counsel was not ineffective for failing to seek withdrawal of that waiver.

¶ 2   The defendant, Emerson T. Burns, appeals the December 1, 2022, denial of his second amended petition for postconviction relief following a third-stage evidentiary hearing. The defendant claims (1) he was tried without a valid jury waiver after plea negotiations failed and (2) trial counsel was ineffective for failing to secure a jury trial. For the following reasons, we affirm.

_____

*Justice Moore was originally assigned to the panel before his retirement. Justice Clarke was substituted on the panel and has read the briefs.

1

¶ 3                                I. BACKGROUND

¶ 4    On December 12, 2008, the defendant was charged with the first degree murder of an individual under 12 years of age. On March 31, 2011, the parties informed the trial court that the defendant intended to waive his right to a jury trial in anticipation of contemplated plea negotiations. The proposed arrangement was that the defendant would provide a truthful statement to law enforcement in exchange for a recommended 25-year sentence, or alternatively, enter an open plea with a 30-year cap.

¶ 5    The State explained:

"It is my understanding that [the defendant] today is going to waive his right to jury trial in connection with the allegations in 08-CF-1805. One of two things is going to happen. The defendant agrees that he will be interviewed tomorrow at the Decatur Police Department by an attorney and an investigator from the State's Attorney's Office and then whatever members of his legal team will be available. That he will give a truthful statement about what happens. If he cooperates with the statement, and it is a truthful statement, then the State is going to recommend that he be sentenced to 25 years in the Illinois Department of Corrections on the charge of First Degree Murder. If he chooses for some reason not to give the statement, or if he is not truthful with the statement that he gives, then it's my understanding we will proceed to an open sentencing recommendation at 30 years in the Illinois Department of Corrections. So I believe those are the promises or commitments that are made to the defense with regard to this jury waiver; but if, for some reason, the defendant chooses not to cooperate with the interview that we have arranged, then it will be a different outcome. Sentencing as opposed to plea."

It was further explained, that "in either event, [the first degree murder charge] will be amended to a charge that excludes the aggravating factor of age of the victim." The defendant acknowledged his understanding of the agreement recited by the State and his counsel.

¶ 6 Thereafter, the trial court admonished the defendant regarding his right to a jury trial. The defendant acknowledged that he understood a jury consisted of 12 citizens who would determine his guilt, that he was giving up that right, that he could not later request a jury trial, and that he could proceed to a bench trial where the court would determine his guilt. The defendant stated he had no questions and that no one forced him to waive his right. The defendant then executed a written jury waiver in open court.

¶ 7 On April 1, 2011, the defendant declined to proceed with the plea arrangement and refused to provide a statement. On April 4, 2011, the matter was set for a bench trial, and defense counsel agreed. No request to withdraw the jury waiver was made.

¶ 8 A bench trial commenced on May 5, 2011, before a different judge. The record on appeal does not indicate further discussion of the defendant's jury waiver at that time. Following the presentation of evidence over several court dates, on June 15, 2011, the trial court found the defendant guilty of first degree murder and later sentenced him to 50 years' imprisonment.

¶ 9 The defendant's conviction was affirmed on direct appeal, and no issue was raised related to the defendant's jury waiver. See *People v. Burns*, 2012 IL App (4th) 110670. The defendant subsequently filed a *pro se* postconviction petition on December 18, 2013. The circuit court appointed postconviction counsel on March 18, 2014. Counsel filed an amended petition on August 3, 2016, alleging, *inter alia*, that defense counsel did not allow the defendant to testify at his trial. The State filed a motion to dismiss on October 14, 2016. On December 30, 2016, the circuit court granted the State's motion to dismiss. The appellate court remanded the case for

further proceedings because postconviction counsel failed to properly plead the claim that defense counsel prohibited the defendant's testimony. See *People v. Burns*, 2019 IL App (4th) 170018.

¶ 10     Following remand, on October 29, 2021, new postconviction counsel filed a second amended petition alleging, *inter alia*, that his jury waiver was invalid and that trial counsel was ineffective. The pleadings also alleged that direct appeal counsel was ineffective for failing to raise all of the defendant's claims. The State filed a motion to dismiss on March 24, 2022. The circuit court denied the State's motion to dismiss and advanced the second amended petition to a third-stage evidentiary hearing.

¶ 11     The evidentiary hearing was held on December 1, 2022. At the hearing, the defendant testified that he waived his right to a jury trial in reliance on the anticipated plea agreement and believed he could not reinstate that right after rejecting the plea. The defendant stated he would have preferred a jury trial had he known it remained available.

¶ 12     The trial prosecutor testified that defense counsel told her, after a meeting with the defendant, "that it was not going to be a jury trial." The prosecutor also testified, "the plea agreement was not dependent on whether there was a jury waiver or not. The plea agreement was directed towards whether [the defendant] would give a statement or not." The agreement was contained in a written document drafted by the prosecutor and admitted, without objection, as People's Exhibit 1. On April 1, 2011, the prosecutor and an investigator went to the jail to record the defendant's statement, but the defendant declined the offer and refused to give a statement.

¶ 13     Defense counsel testified that the defendant maintained his innocence and rejected the plea agreement. Counsel testified that she discussed with the defendant the possibility of seeking to withdraw the jury waiver:

"We did talk about it, and I gave him my beliefs as to not only did I not believe there were grounds for him to get his waiver back, because he had—he had changed his mind. Nobody else had done anything to change the situation; he did. He was admonished. He was told he would not get his jury trial right back if he went forward, and so I did not believe there were grounds for him to get his waiver back.

But I also told him why I thought, in my opinion, a bench trial would have been better. There were certain facts that would have come out to a jury that would not have been as much of a concern in front of a judge.

And the facts of the case itself are always difficult in a case like that to take to a jury, so I thought there was a benefit to him having a bench trial. He agreed, and that's why no waiver was ever filed—I'm sorry, no motion to take back his waiver."

¶ 14 Following arguments by the parties, the circuit court denied postconviction relief, finding that the defendant knowingly and voluntarily waived his right to a jury trial and that counsel was not ineffective. Specifically, the circuit court found:

"First issue is as to the jury waiver in this case. I agree the waiver was taken with the expectation that there was going to be a plea in this matter. I listened to the testimony in this situation. It's not a case where the State pulled the offer. It was the defendant who did not want to plea in this case. Also reviewed the record in this case.

I do find that there was a knowing and voluntary waiver of his right to a jury trial. I agree the Court does have discretion to give a waiver back under certain circumstances. I also agree that [defense counsel], in listening to her testimony, that she said that was something that they discussed amongst themselves.

5

I know the defendant stated that that never was discussed, but I do not find his testimony to be credible in this.

So as to the jury trial waiver, I do find that it was a knowing and voluntary waiver in this situation. I do not find that counsel was deficient for failing to challenge that."

The defendant filed a timely notice of appeal.

¶ 15                                    II. ANALYSIS

¶ 16    On appeal, the defendant argues that a "new trial is warranted where the trial court and defense counsel failed to ensure [he] executed a valid jury waiver before his bench trial." Specifically, the defendant asserts that the "failure of the plea agreement extinguished [his] jury waiver, and the trial court, failing to ensure [he] waived a jury trial before the bench trial, tried [him] without a valid jury waiver." The defendant further argues that trial counsel was ineffective for "depriving [him] of his right to a jury trial." Therefore, the defendant contends, this Court should "reverse the denial of post-conviction relief and remand for a new trial."

¶ 17    The Post-Conviction Hearing Act provides a three-step procedural mechanism in which a defendant may challenge his conviction or sentence based on a constitutional violation. *People v. York*, 2016 IL App (5th) 130579, ¶ 15. At the first stage of postconviction proceedings, the court reviews the petition to determine whether it is frivolous and patently without merit. *Id*. At the second stage of postconviction proceedings, counsel may file an amended petition on behalf of the defendant, and the State may file an answer or a motion to dismiss. *Id*. ¶ 16. The defendant must make a "substantial showing of a constitutional violation" to survive the second stage proceedings. (Internal quotation marks omitted.) *Id*. If a petition survives the second stage, an evidentiary hearing will be held on the defendant's claims. *Id*. Following a third-stage evidentiary hearing on a postconviction petition, we review the circuit court's factual findings and credibility

determinations under a manifest error standard, while legal conclusions are reviewed *de novo*. See *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 18    As an initial matter, we note the State does not argue the defendant's claim is barred by forfeiture or *res judicata* and instead addresses the merits. In any event, the defendant's claim of ineffective assistance of counsel is properly raised in postconviction proceedings, as such claims often depend on matters outside the trial record. See *People v. Veach*, 2017 IL 120649, ¶¶ 46-48. Accordingly, we address the merits of the defendant's claims.

¶ 19                              A. Validity of Jury Waiver

¶ 20    The defendant argues that his jury waiver was rendered invalid when plea negotiations failed because the waiver was made in contemplation of a plea agreement. He contends that his right to a jury trial was automatically reinstated. The defendant relies on *People v. Campbell*, 2015 IL App (3d) 130614, in support of his position. The State responds that defendant executed a valid jury waiver in open court and that the waiver remained effective because defendant never entered a guilty plea. The State argues that *Campbell* is distinguishable.

¶ 21    A defendant's waiver of the right to a jury trial is valid if it is made knowingly and understandingly in open court. *People v. Bracey*, 213 Ill. 2d 265, 269-70 (2004). Although a signed jury waiver does not alone prove a defendant's understanding, it is evidence that a waiver was made knowingly. *People v. Reed*, 2016 IL App (1st) 140498, ¶ 7. "Whether a jury waiver is valid cannot be determined by application of a precise formula, but rather turns on the particular facts and circumstances of each case." *Bracey*, 213 Ill. 2d at 269. While the trial court has a duty to ensure that a defendant's waiver of his or her right to a jury trial is made expressly and understandingly, the court is not required to provide any particular admonition or information regarding that right. *People v. Bannister*, 232 Ill. 2d 52, 66 (2008).

7

¶ 22    Illinois courts have held that when a defendant enters a guilty plea and later withdraws that plea, a jury waiver associated with the plea does not carry over to subsequent proceedings. See *Campbell*, 2015 IL App (3d) 130614, ¶ 20. Here, unlike in *Campbell*, the defendant did not enter a guilty plea. Instead, he executed a jury waiver and later declined to proceed with the anticipated plea arrangement. Accordingly, the rationale of *Campbell* does not apply. Further, the record demonstrates that the defendant was properly admonished, acknowledged his understanding, and voluntarily executed a written waiver. Nothing in the record indicates that the waiver was expressly conditioned on the completion of a plea agreement.

¶ 23    Importantly, Illinois law does not render a jury waiver involuntary merely because it is entered in connection with plea discussions or in exchange for sentencing considerations. See *People v. Winters*, 2020 IL App (2d) 180784, ¶¶ 14-17 (rejecting claim that jury waiver was involuntary where defendant accepted bench trial in exchange for sentencing benefit, and reaffirming that such bargaining context does not, standing alone, render a waiver involuntary under the sixth amendment or Illinois Constitution).

¶ 24    As in *Winters*, the record here shows the defendant was fully admonished and expressly acknowledged that he was giving up his right to a jury trial as part of a negotiated posture that included potential sentencing benefits, as well as amending the charge to exclude the age of the victim, an aggravating factor. The existence of such benefits does not, by itself, invalidate an otherwise knowing and voluntary waiver. *Id.* Additionally, *Bracey* instructs that the validity of a jury waiver is assessed under the totality of the circumstances, focusing on whether the defendant knowingly and understandingly relinquished the right, rather than on subjective motivations underlying the waiver. See *Bracey*, 213 Ill. 2d at 269-70.

¶ 25    Consistent with this authority, the record supports the conclusion that the waiver remained valid under the specific circumstances here—including the defendant's written waiver, the open-court colloquy, and his acknowledgment that he could not later demand a jury trial—despite the collapse of plea discussions. Although a trial court retains discretion to allow withdrawal of a jury waiver, a defendant has no absolute right to do so. See *People v. Chapple*, 291 Ill. App. 3d 574, 578-79 (1997). The defendant made no request to withdraw the waiver, and the trial court was not required to revisit it *sua sponte*. Accordingly, we find the defendant knowingly and validly waived his right to a jury trial.

¶ 26                              B. Ineffective Assistance of Counsel

¶ 27    The defendant next contends that trial counsel was ineffective for failing to move to withdraw his jury waiver and secure a jury trial. Specifically, the defendant argues that trial counsel erroneously believed his right to a jury trial could not be reinstated after plea negotiations failed and failed to advise him that he could seek to withdraw the waiver. The defendant maintains that, had he been properly advised, he would have elected to proceed with a jury trial.

¶ 28    Claims of ineffective assistance of counsel are evaluated under *Strickland v. Washington*, 466 U.S. 668 (1984). "To prevail on a claim of ineffective assistance under *Strickland*, a defendant must show both that counsel's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense." (Internal quotation marks omitted.) *People v. Hodges*, 234 Ill. 2d 1, 17 (2009). In cases involving a jury waiver, the prejudice inquiry focuses on whether there is a reasonable probability that the defendant would not have waived his right to a jury trial but for counsel's alleged error. *People v. Maxwell*, 148 Ill. 2d 116, 142 (1992).

¶ 29    To establish deficiency, the defendant must show that counsel's performance was so inadequate that counsel was not functioning as the counsel guaranteed by the sixth amendment.

9

*People v. Evans*, 186 Ill. 2d 83, 93 (1999). Further, the defendant must overcome the strong presumption that the challenged action or inaction may have been the product of sound trial strategy. *Id.* Although strategic decisions are generally afforded substantial deference, Illinois law is clear that the right to a jury trial is a fundamental right that must be personally and knowingly waived by the defendant in open court. *Bannister*, 232 Ill. 2d at 65; *People v. Ramey*, 152 Ill. 2d 41, 54 (1992). The decision to waive a jury trial is ultimately for the defendant after a full consultation with his attorney. *Id.*

¶ 30    Here, the defendant executed a written jury waiver in open court after receiving proper admonishments. As discussed above, the waiver remained valid despite the failure of anticipated plea negotiations. At the postconviction hearing, trial counsel testified that she considered whether the jury waiver could be withdrawn after the plea discussions collapsed and that she discussed the issue with the defendant. Counsel further testified that, based in part on the trial court's prior admonishments, she did not believe there were grounds to seek withdrawal of the waiver and that the defendant agreed to proceed with a bench trial based on perceived strategic advantages. Thus, no motion to withdraw the waiver was filed. The circuit court expressly found the counsel's testimony credible and rejected the defendant's contrary account that he was not advised regarding the possibility of seeking a jury trial.

¶ 31    On this record, the defendant has failed to establish deficient performance. The defendant's claim is premised on the assertion that his right to a jury trial was automatically reinstated when the plea negotiations failed. However, as explained above, that premise is incorrect under Illinois law, where no guilty plea was entered. Trial counsel's decision not to file a motion to withdraw the jury waiver was not objectively unreasonable where the waiver had been knowingly and voluntarily made, and no authority required withdrawal of the waiver under these circumstances,

10

and any such request would have been subject to the trial court's discretion. See *People v. Hobley*, 182 Ill. 2d 404, 454 (1998) (decisions regarding whether to file motions are matters of trial strategy entitled to great deference). Additionally, counsel is not required to advance a motion that lacks a sound legal basis or is unlikely to succeed. *People v. Givens*, 237 Ill. 2d 311, 331 (2010) (counsel is not ineffective for failing to file a futile motion). Further, the record reflects that trial counsel discussed the matter with the defendant, and the defendant agreed to proceed with a bench trial, undermining any claim that trial counsel deprived him of his personal right to choose the type of trial.

¶ 32     The defendant also fails to establish prejudice. Although the defendant testified that he would have elected a jury trial, the circuit court, as the trier of fact at the evidentiary hearing, was entitled to reject that testimony based on its credibility findings. *People v. Coleman*, 183 Ill. 2d 366, 384-85 (1998) (at a third-stage evidentiary hearing, credibility determinations are made by the trial court, which hears and observes witnesses, and such findings will not be reversed unless manifestly erroneous). In any event, the defendant has not demonstrated a reasonable probability that a motion to withdraw the jury waiver would have been granted. Withdrawal of a jury waiver is not automatic and lies within the trial court's discretion. See *Chapple*, 291 Ill. App. 3d 574, 578-79 (1997). Given the validity of the original waiver and the absence of any coercion or misrepresentation, the defendant has not shown that such a motion would likely have succeeded. Accordingly, the defendant has failed to satisfy either prong of the *Strickland* test, and his claim of ineffective assistance of counsel fails.

¶ 33                                      III. CONCLUSION

11

¶ 34 For the foregoing reasons, we affirm the trial court's denial of the defendant's postconviction petition following a third-stage evidentiary hearing.

¶ 35 Affirmed.