NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2026 IL App (4th) 250535-U

NO. 4-25-0535

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
May 18, 2026
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Tazewell County |
| AUSTIN A. HOBSON-WILLIAMS, | ) | No. 23CF790 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Christopher R. Doscotch, |
| | ) | Judge Presiding. |

JUSTICE LANNERD delivered the judgment of the court.
Justices Vancil and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The appellate court affirmed, concluding (1) defendant's stipulated bench trial was tantamount to a guilty plea, requiring admonishments under Illinois Supreme Court Rule 402(a) (eff. July 1, 2012), (2) the trial court did not substantially comply with Rule 402(a), and (3) defendant did not demonstrate he was prejudiced by the court's inadequate admonishments.

¶ 2    Defendant, Austin A. Hobson-Williams, appeals from his conviction for unlawful possession of a controlled substance with intent to deliver (more than 15 grams but less than 100 grams of a substance containing cocaine), a Class X felony (720 ILCS 570/401(a)(2)(A) (West 2022)). On appeal, defendant argues the trial court failed to substantially comply with Illinois Supreme Court Rule 402(a) (eff. July 1, 2012) where his stipulated bench trial was tantamount to a guilty plea. The State responds defendant's bench trial was not tantamount to a guilty plea, and therefore, no error occurred. Alternatively, the State contends the court substantially complied with Rule 402(a). We affirm.

¶ 3                    I. BACKGROUND

¶ 4                    A. The Charge

¶ 5     On November 13, 2023, the State charged defendant with one count of unlawful possession of a controlled substance with intent to deliver (*id.*). In the probable cause affidavit, the assistant state's attorney averred as follows:

"Tazewell County Sheriff's Deputy [Austin] Gillespie reports as follows: On November 10, 2023, he observed a Dodge Ram driving on Koch Street. Deputy Gillespie, a certified window tint operator, determined visually that the vehicle's window tint was darker than allowed by state law.

Dpt. Gillespie executed a stop on the vehicle and made contact with the driver, [defendant]. Dpt. Gillespie used his tint meter to determine that the front window admitted 19% of light, which was lower than the amount allowed by law. He found [defendant] to be the sole occupant and also one of the registered owners of the vehicle. While speaking with [defendant], Dpt. Gillespie detected the odor of raw cannabis emitting from the vehicle. He also observed two cell phones in the vehicle.

Dpt. Gillespie retrieved his K9 officer from his squad car and issued the K9's drug-search command. The K9 indicated the presence of narcotics on the passenger side of the vehicle, by displaying distinct changes in his breathing and posture in conformance with his training.

Dpt. Gillespie searched the vehicle and located a box of plastic sandwich bags in the rear seat. He noticed that the interior fabric surrounding the brake light area had been cut. In the void space behind the cut, he found a plastic bag containing

a hard rock-like substance, visually consistent with crack cocaine. The bag later field-tested positive for cocaine, and weighed in at 25.73 grams.

Dpt. Gillespie found a second baggie in the same void, which contained two other baggies, each containing a substance visually consistent with powder cocaine. These bags later field-tested positive for cocaine, and weighed in at 7.74 grams.

Behind another fabric cut in the headliner of the vehicle, Dpt. Gillespie located a digital scale. This scale bore a white granulated substance which later field-tested positive for cocaine. Behind yet another fabric cut, Dpt. Gillespie located a small, resealable bag of what appeared to be cannabis in the vehicle.

Tazewell County Sheriff's Deputy Filarski reports that he Mirandized [(see *Miranda v. Arizona*, 384 U.S. 436 (1966)] and spoke with [defendant], who denied any knowledge of the cocaine. [Defendant] also denied ownership of the second phone found in the vehicle, but indicated that he would 'rather not' allow officers to search it."

¶ 6                                    B. Motions to Quash and Suppress Evidence

¶ 7                              1. *Defendant's First Motion to Quash and Suppress Evidence*

¶ 8            In April 2024, defendant filed a motion to quash and suppress evidence stemming from the stop and search of his vehicle on November 10, 2023. In the motion, defendant stated that on November 8, 2023—two days before the stop leading to the charge in this case—defendant was stopped on Main Street in Creve Couer, Illinois, for speeding. During this first stop, the arresting officer issued defendant a warning for a window tint violation. The warning directed defendant to correct the violation but indicated he had "0" days to do so. After defendant refused the officer's request to search the interior of his vehicle, Deputy Gillespie arrived at the scene with a canine

unit, who alerted on the vehicle for the presence of drugs. Deputy Gillespie searched the interior of the vehicle for approximately 30 minutes but recovered no contraband. Defendant asserted that because he had already been warned regarding the window tint on November 8, Deputy Gillespie lacked reasonable suspicion to stop defendant a second time two days later based on the window tint violation alone. Further, defendant argued Deputy Gillespie lacked probable cause to search the vehicle a second time. Accordingly, defendant maintained all evidence resulting from the stop and search should be excluded.

¶ 9        In July 2024, the trial court conducted a hearing on defendant's first motion to quash and suppress evidence. At the hearing, defendant testified the November 10, 2023, search lasted well over 30 minutes and that Deputy Gillespie used a screwdriver to unscrew the bottom of the car seat, roof of the car, and all of the lights. The second officer arrested defendant after Deputy Gillespie recovered drugs from the vehicle and asked about the presence of two cell phones. On cross-examination, defendant did not dispute that his vehicle's window tint was illegal but explained that it is nearly impossible to get tint fixed within 48 hours. He also noted that he had smelled cannabis in the car in the morning but vacuumed and sprayed air freshener to get rid of it. Defendant claimed that by the time Deputy Gillespie pulled him over, the scent was completely gone. The State moved for a directed finding, which the court granted. Accordingly, the court denied defendant's motion.

¶ 10              2. *Defendant's Second Motion to Quash and Suppress Evidence*

¶ 11        In January 2025, defendant filed a second motion to quash and suppress evidence, arguing the search on November 10, 2023, was illegal where there was no probable cause, warrant, or consent. Defendant further asserted the search was unnecessarily lengthy and excessive.

¶ 12        In March 2025, the trial court conducted a hearing on defendant's second motion

to quash and suppress evidence. At the hearing, defendant testified substantially consistently with his testimony at the first hearing. On cross-examination, he stated he believed Deputy Gillespie "profiled" him because he had seen defendant two days earlier and was suspicious of him. On redirect examination, defense counsel asked, "Did you do anything between these two days of the 8th and 10th of November to make you [*sic*] suspicious that you were selling drugs?" Defendant replied he had not.

¶ 13       The State moved for a directed verdict, which the judge denied. The State then called Deputy Gillespie to testify. Deputy Gillespie testified it was his understanding that the smell of raw cannabis itself gave him the right to search the vehicle. When asked why he also had his canine unit sniff around the vehicle, he said he received a tip defendant was selling crack cocaine and wanted to confirm it.

¶ 14       After taking the matter under advisement at the conclusion of the hearing, the trial court later entered a written order denying defendant's second motion to quash and suppress evidence. Specifically, the court concluded that based on the totality of the circumstances, the time and manner of the search was reasonable.

¶ 15                    C. Stipulated Bench Trial

¶ 16       In April 2025, the trial court conducted a stipulated bench trial. At the beginning of the hearing, the following colloquy occurred:

> "THE COURT: How are you going to present the evidence? Are you agreeing that there's sufficient facts or are you saying that there's sufficient facts and there's going to be an agreed stipulation as to what the facts are?
>
> [ASSISTANT STATE'S ATTORNEY BROWN]: There's going to be an agreed stipulation as to what the facts are.

[DEFENSE ATTORNEY MORRIS]: That's accurate.

THE COURT: Okay. Is that your understanding, [defendant]?

[DEFENDANT]: Yes."

The court then admonished defendant as follows:

"All right. Did you review and read your waiver of jury trial? All right. And you understand that you have the right to a trial? Obviously, could be a Judge or jury. If you do it by jury, you'd have 12 people from Tazewell County sitting over there and they would hear the evidence. I would rule on what comes in and comes out. They would decide whether you were guilty or not guilty. If you were found guilty, then I would do sentencing. If I'm your Judge for bench trial, then I do— hear all the facts, I decide guilt or innocence, and then I also would do any type sentencing."

Defendant agreed he understood. Defendant further agreed he had discussed this decision with his attorney, had not been promised anything in exchange for his jury waiver, and had not been coerced. The court found defendant's waiver of his jury trial to be knowing and voluntary.

¶ 17        The parties each waived opening statements, and the State proceeded to read the stipulated facts into evidence. Neither party presented arguments, and the trial court found defendant guilty of unlawful possession of controlled substance with intent to deliver. After finding defendant guilty, the court addressed defendant as follows:

"[Defendant], I didn't go over this with you beforehand, but we were going to trial on this matter. And you understand the penalty range here is 6-to-30, non-probationable, fines up twenty-five thousand, one and a half years of mandatory supervised release? Do you understand that?"

Defendant responded he understood.

¶ 18        The parties then presented a proposed sentencing agreement, and the following colloquy occurred:

> "MR. MORRIS: Yes, that's correct. We have proposed sentence.
>
> THE COURT: Right. And it's my understanding, too, is this will preserve your client's right to appeal on the two different motions to suppress; is that correct?
>
> MR. MORRIS: That's correct."

After confirming defendant's attorney reviewed the sentencing agreement with defendant and defendant understood it, the court addressed defendant, stating, "[J]ust to cover our bases since it's a little bit different than doing it normally, obviously, we already went through the trial part. When you did the stipulations, you understood you were giving up the right to cross-examine and confront witnesses at that time?" Defendant responded he understood. The court accepted the sentencing agreement and sentenced defendant to six years in prison.

¶ 19                              D. Posttrial Proceedings

¶ 20        In May 2025, defendant filed a motion to reconsider the trial court's guilty verdict, asserting the court erroneously denied the motions to quash and suppress evidence. At the hearing, defense counsel confirmed that the purpose of the motion was to preserve defendant's rights for appeal "regarding the motion to suppress and then the stipulated bench trial." Defense counsel asked the judge to reconsider the sentence and reiterated what was previously argued in the pretrial motion hearings to preserve those issues. The court denied the motion.

¶ 21        This appeal followed.

¶ 22                              II. ANALYSIS

¶ 23        On appeal, defendant argues the trial court erred when it failed to admonish him

pursuant to Rule 402(a) because his stipulated bench trial was tantamount to a guilty plea. The State responds defendant forfeited this issue by failing to contemporaneously object and raise the issue in a posttrial motion. Alternatively, the State asserts defendant's bench trial was not tantamount to a guilty plea requiring Rule 402(a) admonishments because he presented and preserved a defense and never stipulated that the evidence was sufficient to establish his guilt. We affirm.

¶ 24                                    A. Forfeiture

¶ 25        We first address the State's contention defendant has forfeited his Rule 402 argument by failing to contemporaneously object and raise the issue in a posttrial motion. To preserve a claim of error for review, a party must both (1) contemporaneously object and (2) raise the issue in a timely posttrial motion. *People v. Enoch*, 122 Ill. 2d 176, 186 (1988). Generally, the failure to properly preserve a claim of error results in forfeiture. *Id.* However, our supreme court has held a criminal defendant cannot forfeit a claim he was denied proper admonishments under Rule 402, as it would "place the onus on [the] defendant to ensure his own admonishment in accord with due process." *People v. Whitfield*, 217 Ill. 2d 177, 188 (2005); see *People v. Curry*, 2019 IL App (3d) 160783, ¶ 22 (concluding the defendant could not forfeit a claim the trial court failed to substantially comply with the rule governing admonitions in probation revocation proceedings). Accordingly, we reject the State's forfeiture argument and proceed to the merits of this appeal.

¶ 26                            B. Rule 402 Admonishments

¶ 27        Illinois Supreme Court Rule 402(a) states, in pertinent part, as follows:

> "In hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence is sufficient to convict, there must be substantial compliance with the following:

(a) Admonitions to Defendant. The court shall not accept a plea of guilty or a stipulation that the evidence is sufficient to convict without first, by addressing the defendant personally in open court, informing him or her of and determining that he or she understands the following:

(1) the nature of the charge;

(2) the minimum and maximum sentence prescribed by law, including, when applicable, the penalty to which the defendant may be subjected because of prior convictions or consecutive sentences;

(3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made, or to plead guilty; and

(4) that if he or she pleads guilty there will not be a trial of any kind, so that by pleading guilty he or she waives the right to a trial by jury and the right to be confronted with the witnesses against him or her; or that by stipulating the evidence is sufficient to convict, he or she waives the right to a trial by jury and the right to be confronted with any witnesses against him or her who have not testified." Ill. S. Ct. R. 402(a) (eff. Jul. 1, 2012).

¶ 28        In *People v. Dougherty*, 394 Ill. App. 3d 134, 138 (2009), the Third District aptly explained Rule 402 as follows:

"The purpose of Rule 402 admonishments is to ensure that a defendant understands his plea, the rights he has waived by pleading guilty and the consequences of his action. [Citation.] It is well settled that Rule 402 requires substantial, not literal, compliance with its provisions. [Citation.] 'Substantial compliance' means that although the trial court did not recite to the defendant, and

ask [the] defendant if he understood, all the components of Rule 402(a), the record

nevertheless affirmatively and specifically shows that the defendant understood

them. [Citation.] Illinois courts have found substantial compliance with Rule 402

where the record indicates that the defendant understandingly and voluntarily

entered his plea, even if the trial court failed to admonish [the] defendant as to a

specific provision."

¶ 29                              C. Nature of Stipulated Bench Trial

¶ 30        Before we address whether the trial court properly admonished defendant pursuant

to Rule 402(a), we must first determine whether the rule applied in this case. Here, defendant did

not enter a traditional plea of guilty but instead was convicted after a stipulated bench trial.

Defendant asserts the court was required to substantially comply with Rule 402(a) in this case

because he stipulated the evidence was sufficient to convict him of unlawful possession of a

controlled substance with intent to deliver. The State responds the court was not required to comply

with Rule 402(a) because defendant presented and preserved a defense. We conclude defendant's

stipulated bench trial was tantamount to a guilty plea, requiring the trial court to give defendant

admonitions under Rule 402(a).

¶ 31        As noted above, the trial court must substantially comply with Rule 402(a) "[i]n

hearings on pleas of guilty, or in any case in which the defense offers to stipulate that the evidence

is sufficient to convict." Ill. S. Ct. R 402 (eff. July 1, 2012). Accordingly, "[w]here a stipulated

bench trial is tantamount to a guilty plea, the trial court must admonish the defendant" pursuant to

Rule 402(a). *People v. Campbell*, 2015 IL App (3d) 130614, ¶ 15. "A stipulated bench trial is

tantamount to a guilty plea when the entirety of the State's case is presented by stipulation and the

defendant does not present or preserve a defense, or when the stipulation includes a statement that

the evidence is sufficient to convict." *Id.*

¶ 32                                          1. *The* Horton *Case*

¶ 33          In support of their arguments, both parties cite the Illinois Supreme Court's decision

in *People v. Horton*, 143 Ill. 2d 11 (1991). In *Horton*, the trial court conducted two stipulated

bench trials after a grand jury charged the defendant by indictment with 10 offenses taking place

over three separate dates. *Id.* at 14-15. Prior to the trials, the defendant's attorney moved to sever

the charges, quash the arrest, and suppress evidence for both the defendant and the defendant's

codefendant, whom he also represented. *Id.* at 15-16. We discuss each of the bench trials in turn.

¶ 34          At the first stipulated bench trial, the State presented all of its evidence by

stipulation, except for one witness who testified and was also subject to cross-examination. *Id.* at

16. Following the State's closing argument, the defendants' attorney stated as follows: " '*[T]he

defendants are not contesting the sufficiency of the evidence to convict* with reference [to] these

charges that are before the court at this time. The purpose of the stipulation is to preserve appeal

on the previously denied motions to quash arrest and suppress the lineup.' " (Emphasis in original.)

*Id.* at 17. The court found the defendants guilty. *Id.*

¶ 35          At the second stipulated bench trial, all of the State's evidence was presented by

stipulation. *Id.* After the State informed the court of the stipulation, the defendant's attorney

indicated as follows:

> " 'I am not trying to argue the innocence of the defendant, but the defendant does
> wish to contest or would hold the State to prove, through the testimony of [the
> victim], who actually struck him [(*i.e.*, the defendant's codefendant)]. I have
> discussed the accountability rule with my client. And he, through me,
> acknowledges that there is sufficient evidence to convict him of armed robbery and

aggravated battery as charged. \*\*\* *[I]n terms of [the] sufficiency of the evidence, we are stipulating*.' " (Emphasis in original.). *Id.* at 18.

The trial court found the defendant guilty. *Id.*

¶ 36        On appeal to the supreme court, the defendant argued his convictions must be reversed because the trial court failed to admonish him pursuant to Rule 402 where both of his stipulated bench trials were tantamount to guilty pleas. *Id.* The supreme court found the first stipulated bench trial was not tantamount to a guilty plea, holding as follows:

> "In the case at bar, defense counsel did not stipulate to the legal conclusion to be drawn from the evidence \*\*\*. Rather, defense counsel stipulated to the State's evidence, and then during closing argument, commented that the evidence was sufficient to convict. Comments during closing argument are not considered evidence. Thus, when counsel conceded the sufficiency of the evidence to convict, defendant was not, in effect, entering a guilty plea. Furthermore, we do not believe that defendant's first stipulated bench trial was a 'mere formality \*\*\*.' \*\*\* In defendant's first stipulated bench trial, despite the fact that defense counsel conceded the sufficiency of the evidence, the State still had to prove defendant guilty beyond a reasonable doubt. There was no private agreement that defendant was guilty. Thus, we conclude that defendant's first stipulated bench trial was not tantamount to a guilty plea even though counsel conceded the sufficiency of the evidence.
>
> In so holding, we adopt the rule uniformly applied by the appellate court that a stipulated bench trial is not tantamount to a guilty plea if the defendant presented and preserved a defense. A guilty plea waives all nonjurisdictional

defenses or defects. [Citation.] As noted in the appellate court opinion, a stipulated bench trial can avoid the waiver rule while still allowing the parties to proceed with the benefits and conveniences of a guilty plea procedure. [Citations.] We believe that this is what counsel did in defendant's first stipulated bench trial. Counsel realized that defendant's only viable defense theory was the suppression of the identification and fingerprint evidence. Thus, he opted to proceed through a stipulated bench trial, and preserve defendant's suppression issue." *Id.* at 21-22. Accordingly, the supreme court affirmed the defendant's convictions resulting from the first stipulated bench trial. *Id.* at 27.

¶ 37 However, the supreme court concluded the defendant's second bench trial was tantamount to a guilty plea, and therefore, Rule 402 applied. *Id.* at 22. Specifically, the supreme court determined "defense counsel not only conceded the sufficiency of the evidence, but he in fact *stipulated* to the sufficiency of the evidence to convict." (Emphasis in original.) *Id.* Accordingly, "even though defendant presented and preserved a defense in his second stipulated bench trial, *** defendant should have be[en] afforded the protections set forth by Rule 402." (Internal quotation marks omitted.) *Id.* The supreme court reversed and remanded for a new trial with respect to the convictions resulting from the second trial based on the trial court's failure to admonish the defendant under Rule 402. *Id.* at 27.

¶ 38                                      2. *This Case*

¶ 39 Here, we conclude defendant's stipulated bench trial was tantamount to a guilty plea, and therefore, the trial court was required to admonish him pursuant to Rule 402. First, like defense counsel in the second stipulated bench trial in *Horton*, defense counsel in this case stipulated the State's evidence was sufficient to convict defendant. As noted above, the parties

shared the following exchange prior to the beginning of the bench trial:

"THE COURT: How are you going to present the evidence? Are you agreeing that there's sufficient facts *or* are you saying that there's sufficient facts *and* there's going to be an agreed stipulation as to what the facts are?

[ASSISTANT STATE'S ATTORNEY BROWN]: There's going to be an agreed stipulation as to what the facts are.

[DEFENSE ATTORNEY MORRIS]: That's accurate." (Emphases added.)

The court presented two options in this inquiry, and both options assumed the parties were stipulating that the evidence was sufficient to convict. The only question was whether the parties *also* stipulated to the facts themselves, and both parties agreed that was the case. Neither party expressed disagreement with the court's underlying assumption that the parties stipulated there was sufficient evidence to convict. Furthermore, like the second bench trial in *Horton*, all the State's evidence was presented by stipulation, and neither party presented opening statements or closing arguments. The State's contention that a stipulated bench trial is never tantamount to a guilty plea if the defendant presents or preserves a defense misconstrues the supreme court's holding in *Horton*. Under *Horton*, the protections of Rule 402 apply despite a defendant's previous presentation or preservation of a defense so long as he *also* stipulates the evidence is sufficient to convict. *Id.* at 22. Here, defense counsel affirmatively stipulated the facts were sufficient to convict; he did not merely concede the evidence was sufficient or express he would not be contesting the evidence. Based on these facts and the supreme court's decision in *Horton*, we conclude the court was required to comply with Rule 402.

¶ 40                                 D. Compliance with Rule 402(a)

¶ 41            We next consider whether the trial court substantially complied with Rule 402(a).

- 14 -

Defendant contends the court failed to substantially comply with Rule 402(a) because it did not inform him, *prior to the finding of guilt*, of the following: the nature of the charge; the minimum and maximum sentence prescribed by law, including the effect of prior convictions on sentencing; or that by stipulating, he waived the right to confront the witnesses against him. The State responds the court complied with all defendant's constitutional rights and the record shows defendant understood the rights he waived. We conclude the court failed to adequately admonish defendant under Rule 402(a). However, we further conclude defendant has not demonstrated prejudice or that he was denied real justice. Therefore, he is not entitled to a new trial.

¶ 42       As set forth *supra*, Rule 402(a) provides the trial court "shall not accept *** a stipulation that the evidence is sufficient to convict without *first*" ensuring the defendant's understanding of the information set forth in subparagraphs (1) through (4). (Emphasis added.) Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Moreover, "Rule 402 requires substantial, not literal, compliance with its provisions," and the trial court's "[f]ailure to properly admonish a defendant does not automatically establish grounds for reversing judgment or vacating a guilty plea." *Dougherty*, 394 Ill. App. 3d at 138-39. Instead, "[w]hether reversal is required depends on whether real justice had been denied or whether [the] defendant has been prejudiced by the inadequate admonishments." *Id.* at 139. We review the question of whether the court substantially complied with Rule 402 *de novo*. *Campbell*, 2015 IL App (3d) 130614, ¶ 16.

¶ 43       The State maintains the trial court substantially complied with Rule 402(a) because the record shows the court "thoroughly admonished defendant regarding his waiver of a jury trial, confirmed his mental clarity, ensured that his waiver was knowing and voluntary, and expressly advised him that by stipulating to the evidence he was relinquishing his right to confront and cross examine witnesses." We agree the court *eventually* conveyed the information required by Rule

402(a). However, we also agree with defendant the court failed to ensure defendant's understanding of that information until *after* the court had already found defendant guilty. Defendant contends this distinction is crucial and precludes a finding the court substantially complied with Rule 402(a).

¶ 44 We conclude the trial court failed to properly admonish defendant as required by Rule 402(a). As set forth above, the primary purpose of Rule 402(a) is for the court to personally ensure, in open court, that a criminal defendant understands "the stipulation, the rights he is waiving by stipulating to the sufficiency of the evidence, and the consequences of the stipulation." *Id.* Rule 402(a) specifically states the court *shall not* accept a guilty plea or stipulation of guilt unless it has ensured defendant's understanding of the rights contained therein. Ill. S. Ct. R. 402(a) (eff. July 1, 2012). Although Illinois courts have found substantial compliance with Rule 402 "even if the trial court failed to admonish [the] defendant as to a specific provision" (*Dougherty*, 394 Ill. App. 3d at 138), we find the trial court's wholesale failure to communicate the majority of the information set forth in Rule 402(a) *before* accepting defendant's plea in this case was inadequate.

¶ 45 Notwithstanding our conclusion the trial court's admonishments were inadequate, we conclude defendant has not demonstrated on appeal he was prejudiced by this failure or that real justice was denied. Defendant does not make any claim that but for the court's failure to properly admonish him under Rule 402(a), he would not have stipulated to his guilt at the bench trial. Moreover, such a claim would be inconsistent with defendant's trial counsel's stated strategy to preserve the challenges contained in the two motions to suppress. Neither does defendant explain how the court's procedure denied him real justice, other than his blanket allegation his stipulation to his guilt was not knowing or voluntary. In sum, the record shows defendant ultimately understood the charge in this case, the minimum and maximum penalties if found guilty,

and that by proceeding with the bench trial, he had given up his right to a trial by jury and the right to be confronted with any witnesses against him. Without a basis to find defendant was prejudiced or denied real justice, we conclude the court's inadequate admonishments in this case do not necessitate a remand for a new trial.

¶ 46 However, we would be remiss if we failed to caution the trial court against providing admonishments *after* a bench trial when Rule 402 clearly provides such admonishments should be given *prior* to a stipulated bench trial that is tantamount to a guilty plea. We can easily construct hypothetical scenarios where receiving Rule 402(a) admonishments after a stipulated bench trial would result in prejudice to a defendant or constitute a denial of real justice. Our decision in the case *sub judice* is limited to the particular facts presented and should not be construed as a mechanism or procedure to remedy deficient Rule 402 admonishments in every case.

¶ 47 III. CONCLUSION

¶ 48 For the reasons stated, we affirm the trial court's judgment.

¶ 49 Affirmed.